FOSTER, Respondent, *vs.* McO'BLENIS & MATTHEWS, Appellants.

1. A verbal agreement not thereafter to run carriages on a particular route is not void by the statute of frauds, as a contract not to be performed within one year from the making thereof. The statute does not apply to contracts which *may* be performed within one year.

2. Where a judge permitted a deposition, parts of which had been ruled out, to be sent out to a jury after they had retired to make up their verdict, but accompanied it with an instruction that the parts ruled out were not evidence for any purpose, the supreme court refused to disturb the judgment, no exception having been taken, and it not appearing that the testimony ruled out was calculated to prejudice the jury; but intimated that it was not a proper practice.

3. A party who contracts not to run omnibusses on a particular route, cannot evade his contract by associating others with him, and running them under the name of a new firm.

4. Nor is it any justification that the party who bought him off, so as to get a monopoly of the route, did not furnish carriages enough for the accommodation of the public. This only goes to the measure of damages.

## *Appeal from St. Louis Court of Common Pleas.*

This was an action brought by Eli Foster, in 1851, against the appellants, to recover damages. The petition stated that, in the year 1849, the plaintiff was engaged in running a line of omnibus carriages in the city of St. Louis, on Morgan street, from Broadway to the western limits of the city and thence to the Prairie House, on the St. Charles road, and that the defendants agreed that, if plaintiff would withdraw his carriages from that portion of the route between Broadway and the city limits, and cease to run them there, they would pay him two hundred dollars, and would not run any of their carriages for the transportation of persons or property west of the city limits; that, in accordance with this agreement, plaintiff had withdrawn his omnibusses from that portion of the route between Broadway and the city limits, and had ceased to run them there, but that notwithstanding, the defendants had, at various times since then, run their omnibusses for the transpor-

tation of persons and property on that part of the route west of the city limits, thereby realizing large sums of money, to the damage of the plaintiff to the amount of one thousand dollars.

A demurrer to this petition was overruled. The defendants then answered, denying the contract, and further alleging that the plaintiff had not discontinued running his carriages between Broadway and the city limits.

At the trial, the plaintiff introduced evidence tending to prove a verbal contract, and evidence tending to show the violation of it by the defendants as charged in the petition.

The defendants offered evidence to show that the plaintiff did not provide carriages enough to accommodate all the passengers on his end of the route. It was also shown that the omnibusses which ran on the plaintiff's end of the route, belonged to the firm of Case & Co., which was composed of the defendants and Case & Wells. It appeared that, after the date of the contract, the plaintiff continued to run on the eastern end of the route, until defendants got ready to put their carriages on.

The defendants asked the court to instruct the jury that the contract was void under the statute of frauds, unless it was in writing or was to be performed within one year, which instruction the court refused to give. The record contains a large number of instructions upon the facts in evidence, but does not show which were given and which refused, nor which were excepted to.

After the jury retired, they sent into court for the deposition of Isaac J. Foster, which had been read in evidence, portions of which had been ruled out by the court, and excluded from the jury. The court sent the deposition out to the jury, accompanied by this instruction: "The jury are instructed that so much of the deposition of Isaac J. Foster as is marked "ruled out," and which was excluded from the jury, is no evidence for any purpose whatever in this case—the parts excluded being those on the fifth and sixth pages of said deposi-

tion, which are marked in the margin "ruled out," and which are also crossed."

There was a verdict and judgment for the plaintiff for one hundred dollars, from which the defendants appealed.

*Leslie & Barrets,* for appellants. 1. The contract was void because it was not to be performed within one year from the making thereof. R. C. 1845, p. 530, sec. 5. Under the statute, it must be shown *affirmatively* that the contract was to be performed within a year. 2. The court had no right to send to the jury the evidence adduced on the trial. After their retirement, all examination of the evidence by them is *ex parte,* dangerous to the rights of the parties, and unprecedented as a rule of practice. There would be as much propriety in sending out witnesses to be examined by them, as in sending out depositions. 3. There was error in the giving and refusing of instructions.

*Todd & Krum,* for respondent. 1. The statute of frauds only applies to agreements which, by express stipulation, are not to be performed within one year. 2 Kent, 510. 10 Wend. 426. 12 Conn. 455. 2. It was within the discretion of the court to send the deposition of Foster to the jury, at their request, accompanied by the instruction, and this discretion was soundly exercised. 3. There was no error in the action of the court upon the instructions. It was no concern of the defendants whether plaintiff furnished carriages enough to accommodate the public or not. At most, this could only affect his damages, and cannot at all impair his right to recover.

SCOTT, Judge, delivered the opinion of the court.

1. The first question we will consider in this cause is, whether the contract stated in the petition is within the statute of frauds and perjuries, as it is not to be performed within a year, but may have an indefinite extension as to the period within which it may be completed. Whatever might be our opinion in relation to this question, if it were now for the first time to be de-

termined, we do not deem ourselves warranted in departing from a course of decisions, which seems to have been uniform in interpreting this clause of the statute. The construction was early made, and has been steadily adhered to, that the clause under consideration only applies to contracts in which, by the express appointment or understanding of the parties, the thing is not to be performed within a year ; but as to those contracts which may, by possibility, be performed within a year, they are beyond the control of the statute. O'Blenis & Matthews might have died within a year from the period of making the contract, and as it would then have been fully performed, it is not therefore within the statute. The point involved in the present controversy was determined in the case of *Lyon* v. *King*, 11 Metcalf, 411, where it was held, that an oral agreement, not thereafter to engage in the staging or livery business, is not within the statute of frauds, which prohibits the bringing an action on any oral agreement, that is not to be performed within one year from the making thereof. *Peters* v. *Westborough*, 19 Pick. A promise to pay the plaintiff so much money, '' on the day of his marriage,'' or, '' on the arrival of a ship,'' or, '' to leave money by a will,'' need not be in writing. *Peter* v. *Crompton*, Skin. *Fenton* v. *Emblers*, 3 Bur. 1 Salk. 180.

2. It is next insisted, that the verdict should be set aside and a new trial granted, because the court permitted a deposition to be sent to the jury which had been read during the trial, parts of which had been ruled out. The deposition sent to the jury was accompanied by an instruction from the court, that the part marked '' ruled out,'' is no evidence for any purpose whatever in this cause. No exception was taken to this action of the court, nor does it appear what was the character of the part of the deposition ruled out. Hence we cannot see that it influenced the jury in finding their verdict. It is true, the court had once refused to let it be read, but we are not to presume that the jury violated the direction of the court, without any proof on the subject, and considered that which was ex-

pressly excluded from them. Courts cannot be too vigilant in guarding all avenues to improper interference with jurors during their deliberations. Had the act complained of been done by either of the parties, the verdict would have been set aside, without any inquiry as to the nature of the evidence. The proper practice is, if, after a jury has retired, they wish any of the evidence explained or repeated, they should return into court, and the explanation or repetition should take place in the presence of the parties or their counsel. As the matter complained of was the act of the court, who stands indifferent between the parties, and as it does not appear that the evidence was of a character to abuse the minds of the jury, even had they read it, which we are not to presume, we do not consider ourselves warranted in granting a new trial for this cause.

3. We see no error in the refusal of the instructions asked by the defendants, if, indeed, they were refused, which does not appear upon the record. The defendants certainly could not evade their contract with the plaintiff by associating themselves with others and running an omnibus line under the name of a new firm.

4. Nor would the fact, that the plaintiff did not furnish as many carriages on the route as the public convenience required, authorize the interference of the defendants by supplying the deficiency. The omission to furnish as many omnibusses as the public required, was a circumstance to be weighed by the jury in determining the damages for a breach of the contract, but would be no justification to the defendants for running a line of stages in violation of their agreement. The defendants were under no obligation to furnish carriages for the public, in the event of their not being supplied by the plaintiff, so as to warrant a violation of their contract. An occasional running of omnibusses on the line was as much a violation of the contract as though it had been done without intermission. The difference only affects the damages. The instruction to the effect, that if the plaintiff had violated his undertaking with the defendants, which was part of the consideration of the defend-

ants' contract, he could not recover, though not given at the defendants' instance, as he alleges, yet, was given by the court. The defendants had the advantage of it, though it may be doubted whether it should have been given at all. We have said this much in relation to the law of those instructions on the record which seem most opposed to the views of the defendants. It does not appear which of the instructions were given or refused for the respective parties, or which were excepted to; and it would be a useless task to prosecute this investigation farther, as from the confusion in the record, in relation to the instructions, it would be impossible to come to a result that would warrant a reversal of the judgment, should any error appear, which we have not been enabled to discover.

The other judges concurring, the judgment is affirmed.