## WINTERS v. CHERRY, *Appellant.*

1   **Statute of Frauds:** VERBAL AGREEMENT: WHOLLY EXECUTED ON ONE SIDE. By an instrument of writing C. leased of W. a storehouse in the town of Trenton, for a term of three years, from November 2nd, 1874. In December, 1876, while C. was in possession of the premises it was verbally agreed between the parties that W. should fit up the basement of the house for a carpet room, and that C. in consideration of this improvement, should pay W. $100, and continue the lease of the store for two years after the expiration of the written lease. W. made the improvement agreed upon and C. entered into the possession of the new room and paid the $100. *Held*, that the verbal agreement constituted a valid lease of the property for a period of two years from November 2nd, 1877: that it was not void under the Statute of Frauds, for want of a writing, because it was wholly executed by W. in the completion of the improvement agreed upon. The fact that there remained on W.'s part the duty to permit C. to enjoy the premises for the period of two years does not bring the agreement within the statute.

2. ———: ———: TO BE EXECUTED WITHIN ONE YEAR. A verbal agreement, made in December, 1876, for a lease of property, during the month of November, 1877, is to be executed within one year, and hence is not void under the Statute of Frauds.

*Appeal from Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*Shanklin, Low & McDougal* for appellant.

*C. A. Winslow* for respondent.

PHILIPS, C.—The conceded facts of this case are substantially that the appellant had leased, in writing, from respondent, for a term of three years, a brick store-house in the city or town of Trenton, in Grundy county. This lease by its terms would end November 2nd, 1877. In December, 1876, during the existence of this lease, the appellant being anxious to have the use of an unfinished basement to this store-house, which was not embraced within the terms of the written lease, proposed to respondent that if he would fit up this basement for a carpet room for appellant's use, he would pay respondent $100, and continue the lease of the store-house, including the basement, for two years after the expiration of the term of the written lease, at a rental of $66.66 per month. Accordingly respondent immediately so fitted up said basement at an expenditure of $300 or more. Appellant paid him the $100, and took possession of said basement room, and continued to hold it and the store-room until the expiration of the original three years' lease, when he quit the premises without notice to the landlord, and refused to pay any rent afterwards. Respondent instituted this action against appellant in a justice's court to recover the first month's rent accruing from and after the 2nd day of November, 1877, amounting to $66.66. Judgment by justice for respondent for this sum. Appellant appealed to the circuit court, where on a trial *de novo*,

a like judgment was again rendered for respondent, and the defendant below brings the case here on appeal.

The appellant seeks a reversal of the judgment chiefly on two grounds: · First, because the contract concerned lands and tenements, and not being in writing, signed by the party to be charged therewith, was void under the provisions of the Statute of Frauds; second, because the agreement was not to be performed within one year from the making thereof, and not being in writing, is void by operation of said statute.

I do not deem it necessary to discuss the many questions raised and so forcibly argued by counsel in their briefs. The Statute of Frauds is a crude and intricate piece of legislation, and in judicial determinations has produced divers conclusions, anomalies and confusions. No mind may reasonably expect to harmonize or reduce from the mass of discussion and learning any common basis acceptable to all courts and text makers. In the multiform issues springing from this most prolific womb of strife, each case must, in a measure, be determined by its own peculiar circumstances.

The contract, in question, was verbal. The appellant contends that the arrangement was only for a lease, and did

1. STATUTE OF FRAUDS: verbal agreement: wholly executed on one side.

not amount to an actual lease, in which the lessee acquired an interest—an *interesse termini*. And that in any event, it being a verbal agreement could not be made the basis of an action for use and occupation, unless the lessee entered into actual occupancy of the premises. Taylor L. and T., § 37. But under the facts of this case was not the agreement " a lease ?"

The lessee was already in possession of the store-house, and by this agreement he obtained, entered into and occupied the carpet room, in conjunction with the store-house. The agreement, in the language · of Ames, J., in *Shaw v. Farnsworth*, 108 Mass. 359, " was not to take a lease of the house, but to take the house for a specified term, and a

specified rent." In this Massachusetts case, as here, the lessee was already in possession of the premises, and he proposed to the owners that if they would put a new fur-. nace in the house he would take the house for three years from a certain future day, when his present lease expired, paying $300 therefor per annum from that date. This proposition was accepted. The furnace was put in before the three years began to run. It was held that this made " a present demise to commence in *futuro*. * * The only thing left conditional in the arrangement was the putting in of a new furnace by the lessors, and that consideration was fulfilled before the day appointed for the commencement of the new term." It is true that in that case the arrangement was evidenced by a memorandum in writing, but this does not affect the question as to whether it amounted to a lease or an agreement for a lease. See also *Halley v. Young,* 66 Me. 520 ; *Bussman v. Ganstor,* 72 Pa. St. 285, 290.

The 1st section, chapter 62, Wagner's Statutes, did not make a verbal lease for a term of years void, but a lease " by parol * * shall have the force and effect of leases at will only." Under this section it was held, in *Kerr v. Clark,* 19 Mo. 132, affirmed in *Ridgley v. Stillwell,* 28 Mo. 400, that such a lease had the effect of creating a tenancy from year to year.

In 1869 the legislature enacted the following provision : "A tenancy at will or by sufferance, or for less than one year, may be terminated by the person entitled to the possession by giving one month's notice, in writing, to the person in possession, requiring him to remove; all contracts or agreements for the leasing, renting or occupation of stores, shops, houses, tenements or other buildings in cities, towns or villages, not made in writing, signed by the parties thereto or their agents, shall be held and taken to be tenancies from month to month, and all such tenancies may be terminated by either party thereto, or his agent, giving to the other party, or his agent, one month's notice, in writing, of his

intention to terminate such tenancy." Wag. Stat., p. 879, § 13.

It is important to mark the language of this section : "All contracts or agreements for the leasing, renting or oc- cupation of stores, shops, houses or other buildings, in cities, towns, etc., not in writing, shall be held and taken to be tenancies from month to month." Under this section a verbal agreement is as effectual, in respect to leases in towns, etc., as if made in writing. The only limitation placed on it by this statute is, that it shall operate only as a tenancy from month to month. The premises in question consisted of a store-house in town. The contract or agreement made the tenancy, although not in writing, and the action could be had on it for the month's rent the same as if it had been in writing.

And even conceding, for the sake of argument, that an actual entry on the premises under the contract was necessary, it is not perceived that this requirement is not met by the facts of this case. In December, 1876, the new agreement was made. By it the carpet room was added as a present interest to the existing lease. The $100 paid therefore was not the sole consideration of the new agree- ment. But parcel and part of it was the present joint oc- cupancy of the whole house, and to be continued for two years from and after the 2nd day of November, 1877. The contract, like the occupancy, was a unit. It was not sever- able. The tenant only wanted the carpet room as an ap- purtenant to the store-room, and the landlord did not fit up the carpet room for the $100 alone, but for the further con- sideration of the continued occupancy of the store-house. They were inseparable. No rental was fixed on the carpet room as such. It and the store-room together were to yield $66.66 per month.

Now, there can be no question, even under defendant's theory, but that the plaintiff was entitled to recover for the carpet room, inasmuch as there was actual occupancy of it under the contract. But how, under the facts of this case,

could there be any separate recovery of rental for an integral part of premises embraced in the letting of the whole? There is no method, in the action on the contract of lease, of ascertaining any separate value for it. The contract was an entirety, and must stand or fall all together. No such construction in view of the statute above quoted, in our opinion, ought to obtain as would enable this defendant to escape the entire contract. The statute of frauds invoked therefor, would itself become an instrument of fraud. There is no legal barrier to the incorporation and continuation of the written lease in the new verbal agreement, so that the latter may become presently operative without interfering with the consummation or completion of the other. *Cummings v. Arnold*, 3 Met. 489 ; *Goss v. Lord Nugent*, 5 Barn. & Ad. 65 ; *Henning v. U. S. Ins. Co.*, 47 Mo. 431. The failure of the lessee to enter into the occupancy would not impair the lessor's right of recovery. "The rent becomes due upon the lease, not upon the entry, and the action is upon the covenant as for a breach of an executory covenant." *Austin v. Huntsville Coal & Mining Co.*, 72 Mo. 544. When the lessee defendant quit the house in November, 1877, he quit the entire premises without any notice to his landlord. To terminate a tenancy under this statute the required notice must be given at or before the end of the current month. *Gunn v. Sinclair*, 52 Mo. 327.

The Statute of Frauds, relied on by the defendant, cannot avail him. A party to a verbal agreement ought not to be permitted either to enjoy its fruits on the one hand, or to suffer his confiding co-contractor to wholly perform on his part, and then to shield himself against performance by pleading this statute. Here the respondent altered his condition on the faith of this agreement. He paid out $300 in money in equipping the basement at appellant's request, placed him in possession of it, and inside of the year performed the whole contract on his part. This is not met by the suggestion in appellant's argument that there yet remained on the lessor's part the duty to permit the lessee to

enjoy the premises for the remaining two years. This is simply a refinement. He had the possession, and did not enjoy the fruit because he would not pluck it.

Finally, appellant contends that although the lessor performed "everything on his part within the year, if a longer time is stipulated for the performance by the other," the case is still within the statute, citing *Lockwood v. Barnes*, 3 Hill 128; *Broadwell v. Getman*, 2 Denio 87; *Pierce v. Paine*, 28 Vt. 34, and other cases. We concede this, with some qualification, to be the ruling in Massachusetts, Vermont, New Hampshire and New York. But it is opposed to the weight of authority in England and we think in America. *Cherry v. Heming*, 4 Exch. 631; *Donellan v. Read*, 3 Barn. & Ad. 899, (23 E. C. L. 215;) *Hoby v. Roebuck*, 7 Taunt. 157, (2 E. C. L. 57;) *Souch v. Strawbridge*, 2 C. B. 808; *Roydell v. Drummond*, 11 East 152; *Smith v. Neale*, 2 C. B. N. S. 67; *Berry v. Doremus*, 30 N. J. L. (1 Vroom) 403; *Haugh v. Blythe*, 20 Ind. 24; *Curtis v. Sage*, 35 Ill. 22; *Morgan v. Bitzenberger*, 3 Gill (Md.) 350; *Johnson v. Watson*, 1 Kelley 348; *Rake v. Pope*, 7 Ala. 171; *McClellan v. Sanford*, 26 Wis. 595.

In this State, whatever may be said against it, the Supreme Court is in accord with the cases last cited. In *Blanton v. Knox*, 3 Mo. 342, the court cites with approval an old English case which held that where "all that was to be done on one side was to be done within the year," as sufficient to take the case out of the statute. In *Suggett v. Cason*, 26 Mo. 221, 225, Scott, J., says: "The contract having been entirely performed on one side, the other side cannot interpose the defense arising under this section," (the 5th section in question). And this learned judge cites with approval the leading English case of *Donellan v. Read*, *supra*. Counsel express surprise that Judge Scott should cite the case last named in support of the case under consideration, as it was not germane. The case may have been inapplicable, but its approval indicates the judicial mind of our Supreme Court. It is not every *obiter dictum* that is

unauthoritative. *Kane v. McCown*, 55 Mo. 199. Ewing, J., in *Atwood v. Fox*, 30 Mo. 500, also draws the distinction between partial performance and entire performance; and, *sub silentio*, concedes " that where the contract has been entirely performed on one side, the other side cannot interpose the statute in question." If any additional citations were needed to indicate the mind of the Supreme Court of this State touching this question, surely the language of Wagner, J., in *Self v. Cordell*, 45 Mo. 345, is direct and broad enough. He says, page 346 : " It is true that the contract could not be wholly performed within one year, but it was entirely and completely executed by one of the contracting parties, and it is the established doctrine of this court, and the settled law of this State, that when an agreement, not in writing, has been wholly performed on one side, the other party thereto cannot interpose the defense of the statute of frauds."

A departure at this day from the adjustment of this question in our State, would be an innovation with no apparent compensation. On so vexed a question *stare decisis* is the watchword. It is needful not only to the bench and bar, but for the repose of society. The observation of Dixon, C. J., in *McClellan v. Sanford*, *supra*, touching those cases holding the opposite view of this controversy, commends itself to my mind : " Whilst they adhere to a strict and literal construction of the statute in order to close the door to the mischiefs which they suppose the statute was designed to prevent by excluding parol evidence, * * they yet seem to leave the door wide open to the same mischiefs by allowing parol evidence, to be introduced to show what the contract was, and what the price or sum agreed to be paid, for the purpose of enabling the promisee or creditor to recover upon a *quantum meruit* or *quantum valebat*. The advantage of this course of decision is not perceived."

But what is a complete answer to appellant's position, is the fact that by operation of the act of 1869, *supra*, this

2. ——: ——: to verbal contract constituted a tenancy "from be executed within month to month." It was made in December, 1876, and by its admitted terms would become operative on the 2nd day of November, 1877. This suit is to recover on this contract for the first month beginning on the 2nd day of November, 1877. It was, therefore, a contract that might and would be performed inside of the year, and is not, therefore, subject to the denunciation of the statute. *Foster v. McO'Blenis*, 18 Mo. 88; Browne Stat. of Frauds, § 285; *Mavor v. Pyne*, 3 Bing. 285.

I discover no error in this record, and the judgment of the circuit court should, therefore, be affirmed. MARTIN, C., concurs; WINSLOW, C., having been of counsel, did not sit.