T. F. HAYDEN, Appellant, v. J. D. LUCAS, Respondent,

St. Louis Court of Appeals, June 9, 1885.

1. LANDLORD AND TENANT—LEASES—PAROL AGREEMENT TO EXECUTE A LEASE.—A parol agreement to execute a lease for one year at a stated rental, payable in monthly instalments, is not broken by a refusal to execute a lease which imposes terms and conditions not imposed by the law. and of which no mention was made in the agreement.

APPEAL from the St. Louis Circuit Court, ADAMS, J.

*Affirmed.*

TAYLOR & POLLARD, for the appellant.

W. H. CLOPTON, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The petition in this case alleges that, on or about the first day of August, 1883, the plaintiff and the defendant "entered into a contract, by the terms of which the plaintiff promised and agreed to execute to defendant a lease for house No. 3544 Lindell avenue," in the city of St. Louis, "for one year, for the agreed price and sum of $1100, to be paid in equal instalments, each instalment to be paid monthly during said term. Which lease, so

to be executed by plaintiff, the defendant then and there promised and agreed to join in executing, and to deliver it to the plaintiff. That in pursuance of said promise and agreement on the part of the defendant to execute said lease, and at his solicitation, plaintiff permitted him to enter said house before the lease was executed. The plaintiff made and executed his said lease, and tendered the same to the defendant for him to execute, but said defendant has heretofore failed, neglected, and refused, and still continues to fail, neglect, and refuse so to do. That defendant entered said premises as aforesaid on the said first day of August, 1883, and paid rent therefor $366.66, and no more; but on or about the first day of November, 1883, and at the time when tenants for houses of the character of said No. 3544 Lindell avenue are scarce, and such houses hard to rent, the defendant notified plaintiff that he intended to vacate said house on the first day of December, 1883. That he did, on or about the eighteenth day of December, 1883, against the protest of this plaintiff, vacate said house and return the key thereof to plaintiff. That, from said December 1, 1883, to April 1, 1884, the plaintiff was unable to procure a tenant for said house, though he exercised great diligence in his endeavors so to do; and said house remained idle and tenantless until said April 1, 1884, and yielded no revenue to plaintiff during all that time. Wherefore, plaintiff says that, by reason of the defendant's failure to carry out the terms of said agreement, he has been damaged in the sum of $500, for which, with interest and costs, he prays judgment."

The answer is as follows: "Defendant, for answer to the petition of plaintiff, denies each and every allegation in said petition contained and prays judgment. Defendant says that he was a tenant from month to month of the premises described, and on the thirty-first day of October, 1883, he notified plaintiff's agents by written notice that he would vacate said premises before the first day of December, 1883. That before said first day of December, 1883, defendant vacated said premises, returned the keys thereof to plaintiffs's agents who re-

fused to receive them, and thereafter, to-wit :   December 8, 1883, paid to plaintiff's agent the rent of said premises up to said December 1, 1883. Defendant further answering says that by the statutes of the state of Missouri, all contracts or agreements for the leasing or renting of houses in the city of St. Louis, not made in writing, signed by the parties thereto or their agents, shall be tenancies from month to month. Defendant says that he nor his agent did not sign any contract in writing for the leasing or renting of the premises described in said plaintiff's petition. Defendant prays judgment."

The plaintiff replied denying the allegations of the answer.

At the trial the plaintiff submitted evidence to the effect that, through his agents he agreed, by parol, with the defendant's wife acting as the defendant's agent, that the plaintiff would execute a written lease to defendant of a certain house belonging to the plaintiff (the house described in the petition) for the term of one year from the first day of September, 1883, until the first day of September, 1884, at a rental of $1100 for the term, payable in monthly instalments; that the plaintiff would make certain designated repairs and alterations of the house prior to the defendant's occupying the same; that defendant might enter the same on the first day of August, 1883, and hold the same without any written lease until the first day of September, 1883, when the written lease for the year was to take effect; that in pursuance of this agreement the plaintiff did make extensive repairs and alterations and did deliver possession to the defendant in August, 1883, who thereupon entered into possession of the same under said agreement; that in the same month and after the defendant had entered the premises, the plaintiff, through his agent, drew up and signed a lease of the premises for the year, as agreed upon by parol, as already stated, and sent it to the defendant to execute; and that defendant, although repeatedly requested to execute said lease, failed to do

so; that the defendant, nevertheless, remained in possession of the premises until the first day of December, 1883, after which time he paid no rent for the same; that on October 31, 1883, the defendant gave to the plaintiff's agents a notice in writing that the defendant would vacate and surrender the premises on the thirtieth day of November, 1883; that the plaintiff's agents thereupon replied in writing to the effect that they would not receive the surrender of the premises; that the defendant thereafter, on the eighteenth of December, delivered the keys of the house to the plaintiff's agents, who used diligent efforts to rent the same, but did not succeed in finding a tenant for the same until April, 1884; and that rent was demanded of the defendant monthly in writing, the monthly rental being $91.66.

There was no controversy about any of the above facts. The defendant offered no evidence, except the written notice that he would quit the premises, above referred to, and the written reply of the plaintiff's agents thereto. Upon the case thus stated the court, sitting as a jury, refused a number of declarations of law offered by the plaintiff, gave two declarations of law offered by the defendant, and rendered a verdict and judgment for the defendant.

It is not necessary to set out or refer to any of these declarations of law, because, there being no dispute as to the facts, it is only necessary to consider whether the judgment of the court was a correct conclusion of law upon the facts. The case of *Winters v. Cherry* (78 Mo. 344), is appealed to by plaintiff as authority for his right to maintain this action. The language of Mr. Commissioner Philips in that case would, it is confessed, sustain the general principle of law for which the plaintiff contends. That principle is, that part performance by the lessor of a parol contract of lease, by making certain repairs, in consideration of the making of which the lessee agreed to execute or renew the lease, and the delivery of possession by the lessor, constitute such a performance of his part of the contract of letting as takes the case out of the statute of frauds. But it will be perceived from

the concluding portion of the opinion that the decision is placed on the ground that the suit is a suit to recover the first month's rent only, and that the parol contract for the renewal of the lease, which was there in question, although it might not be a valid contract of lease for the term of two years, which was the term therein stipulated, was yet, under the act of 1869 (Rev. Stat., sect. 3078) a good contract of letting for a single month. That case, therefore, accepted, as we must accept it as authority for all that it decides, it is not direct authority for the rule of law which would be necessary to support the plaintiff's case.

But the *dicta* of our supreme court are not always unauthoritative, (*Kane v. McCown*, 55 Mo. 199.); and we have generally adopted the principle of following decisions of law, made by our supreme court, even where they were not necessary to the decision of the particular cause, except where distinct decisions of the same court, not overruled, were found to the contrary. We are, therefore, disposed to regard the reasoning of Mr. Commissioner Philips in the above cited case, which we must take to have been adopted and sanctioned by the supreme court, as authoritative upon the question of law here in controversy, and to follow and apply it accordingly.

But insuperable difficulties lie in the way of applying the doctrine of that case to the case before us. In that case, the agreement was not to execute a lease generally, but to renew for the period of two years a particular lease then existing, under which the defendant was then holding the particular premises. There could, therefore, have been in that case no possible controversy as to the kind of a contract of lease which the parties intended to execute for the two years in question. The evidence was clear and undisputed as to what the contract was to be. But here there was no evidence as to what the terms of the contract of lease, which the plaintiff was to execute and the defendant was to accept, were to be, beyond the fact that it was to provide for a tenancy for one year, at an aggregate rental of $1100, payable in monthly instalments. There was an entire failure of proof that the de-

fendant agreed to execute a lease containing the particular covenants of the lease which the plaintiff's agent tendered to him. Some of these covenants were of a very important character, such as the law does not impose, and such as many men would not agree to. They were as follows : "All repairs deemed necessary by said lessee to be made at the expense of said lessee with the consent of said lessor, and not otherwise. The said lessor, his heirs, or assigns, shall, at reasonable times and hours, have the right to enter upon and inspect the state and condition of said premises. It is understood that said premises are to be kept free from all nuisances whether of privy, alley, or otherwise, at the expense of said lessee ; but in case said lessor, his heirs, or assigns, shall, at any time, find it necessary to abate or remove any such nuisance, said lessee hereby engages to refund all expenses incurred in so doing."

It is true that the defendant offered no evidence tending to show that he refused to accept the lease because of its covenants but he was not bound to do this. The burden was upon the plaintiff, in order to make out his case, to show that the defendant had agreed to execute at a future time a lease containing these particular covenants —that is, this particular lease which the plaintiff tendered to him. He does not make out his case by proving merely that the defendant agreed to accept the lease of the property for one year at an annual rental of $1100, payable in monthly instalments.

Whatever view may be taken of the question of law, which has been discussed in the briefs of the learned counsel and which is the subject of the observations of Mr. Commissioner Philips in *Winters v. Cherry*, *supra*, it is clear that for the failure of proof above pointed out the judgment must be affirmed. It is so ordered. Judge Lewis concurs; Judge Rombauer concurs in the result.