## ADAMS, Respondent, v. BONNEFON, Appellant.

### St. Louis Court of Appeals, April 16, 1907.

1. **LANDLORD AND TENANT: Town Lots: Tenancy from Month to Month.** Where a tenant made a verbal agreement with his landlord that he should build a building on the latter's town lot and have possession of it until the rents should equal the cost of the building, this was a tenancy from month to month under section 4110, Revised Statutes 1899, but where the tenant fully performed by building the building, the landlord could not take advantage of the provisions of the statute until the tenant had been reimbursed for the cost of the building.

2. **———: Subletting: Entry of Landlord Without Notice to Quit.** In such case, where it was shown that the rents would pay for the cost of the house in less than two years, the tenant was without authority to sublet the premises under section 4107, yet the landlord could not take possession on the ground that the tenant had sublet the premises without notice to quit, and his entry upon the premises without such notice was unlawful.

3. **———: Judgment for Possession.** Where a tenant had an agreement with the landlord for possession of the landlord's lot by building a building thereon until the rents would equal the cost of the building and the landlord, during the term, entered possession unlawfully, a judgment in favor of the tenant in an action of unlawful detainer for possession, which gave the plaintiff a certain sum per month until possession should be delivered to him, was not erroneous on the ground that he would have more than he was entitled to before he recovered possession.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*M. Arnold* for appellant.

(1) The agreement, or lease, in this case relates to property in the town of Oran and, as it was not reduced to writing, is a tenancy from month to month. R. S. 1899, sec. 4110; Combs v. Transfer Co., 58 Mo. App.

112; Tool Co. v. Spring Co., 93 Mo. App. 530. (2) If it be contended that the agreement does not fall within the above statute, yet, taking plaintiff's uncorroborated statement, he was to have the premises only until the rent, at twelve dollars per month, should equal the cost of the building, $262.86, or less than twenty-two months. Hence he could not assign or transfer his interest, or any part thereof, without the written assent of the landlord. R. S. 1899, sec. 4107.

S. H. Dewhirst for respondent.

(1) That the tenancy in question is one from month to month. If this were a tenancy from month to month, there was no notice given to terminate same as required by section 4110, Revised Statutes 1899. No notice whatever was given. (2) That respondent could not assign or transfer his interest or any part thereof, without the written assent of the landlord. We insist that respondent did not assign or transfer his interest nor any part thereof. He retained control and sublet to his tenants. There is an essential difference between an assignment and a subletting. The right to sublet exists even where the lease contains an express prohibition against assignment. Moore v. Trust Co., 173 Mo. 218. (3) That no notice or proceeding to oust was necessary as possession was voluntarily delivered to appellant. We contend that the attornment or turning over of the key by Jones or his agent to appellant was void and did not in any wise affect the possession of respondent. R. S. 1899, sec. 4112; Rutherford v. Ullman, 42 Mo. 216.

BLAND, P. J.—The action is unlawful detainer for the possession of a certain building situated on a part of lot No. 7, in the city of Oran, Scott county, Missouri. Verdict and judgment were for plaintiff for the possession of the premises and for thirty-five dollars damages.

The rents were assessed at twelve dollars per month. Defendant is owner of the lot and, prior to making any contract with plaintiff, made a contract with one Maxwell, whereby it was agreed that Maxwell should put up a cheap building on a certain portion of the lot and occupy it until the rents, at four dollars per month, should equal the cost of the house. Maxwell put up a cheap one-room house, fourteen by sixteen feet at the cost of $68.75, and occupied it under the terms of the agreement without molestation. Plaintiff was anxious to put up a cheap building on the same lot, to be used as a restaurant, and defendant agreed to let him put it up for the purpose, under an agreement, according to plaintiff's testimony, that defendant would either pay him for the building when completed or rent it to him until the rents should equal the cost of the building. Plaintiff put up a house sixteen by forty-five feet, at a cost of $263.86, and on April 17, 1903, opened a restaurant in the building and ran the business until about August 20, 1903, when he sold out to one Vincent and rented him the building at twelve dollars per month. In a few weeks Vincent sold the business to one Jones, who rented the building of plaintiff at twelve dollors per month. Jones continued in the business and paid plaintiff the rent until April 12, 1904, when he quit the business, but refused to surrender possession to plaintiff and, against plaintiff's will, locked the building and afterwards turned the keys over to defendant, who took and retained possession.

The only controverted facts are in regard to the kind and cost of the house defendant agreed plaintiff might build. Defendant testified he agreed that plaintiff might erect a house "like Maxwell's, a box, stripped outside, canvassed and papered inside;" that instead of building this kind of a house, plaintiff ceiled the house with dressed lumber; that when he saw plaintiff was ceiling with dressed lumber, he told him he was

"going to too much expense," and ought to put on canvas and paper; that plaintiff replied "ceiling is cheaper." Plaintiff testified he did not understand the building was to be a temporary one, that defendant said he wanted "something nice;" that the agreement was that plaintiff was to stay in the building until the rents should equal its cost, if defendant did not choose to pay the cost of the building on its completion.

1. The contract between plaintiff and defendant was verbal, and the property being town property, if nothing more appeared, the tenancy would be from month to month. [R. S. 1899, sec. 4110; Roth Tool Co. v. Champ Spring Co., 93 Mo. App. 530, 67 S. W. 967.] But according to the evidence, the statute (4110, supra) cannot be invoked as a defense, for the reason the contract, that plaintiff was to occupy the premises until reimbursed for the cost of the house from the rents, was wholly performed on his part. To invoke the statute, in such circumstances, would make it the instrument of a fraud, the very thing it was enacted to prevent. [Winters v. Cherry, 78 Mo. 344; Bless v. Jenkins, 129 Mo. 647, 31 S. W. 938.]

2. The evidence showed that at twelve dollars per month, the rents from the premises would have been sufficient to reimburse plaintiff for the cost of the house in less than two years, therefore, he was a tenant for less than two years and was without authority to sublet the premises (R. S. 1899, sec. 4107), and having sublet without the consent of his landlord, the latter had a right to enter the premises and take possession thereof after giving plaintiff ten days' notice of his intention to do so, but defendant did not give the notice. Notice was a prerequisite to his right to re-entry (R. S. 1899, sec. 4108), therefore his entry into possession was an unlawful one and the judgment is for the right party.

3. Defendant says: "The judgment in this case was rendered October 24, 1904, for thirty-two dollars

and twelve dollars per month rent from its ren-
dition 'till possession be delivered to plaintiff.' He has
already received one year and five days rent, or $146.
According to his own showing he is only entitled to a
little over nine months' possession, or $116.86. To give
him twelve dollars a month until delivery of possession
at this time would give him more than a year's posses-
sion, or its equivalent in money, than he is entitled to.
The judgment, on this ground alone, is erroneous and
unjust and should be reversed." Defendant's position
is not so hopeless as he represents. Plaintiff's term has
or will terminate when, out of the rents at twelve dol-
lars per month, he is compensated for the cost of the
house erected by him on the premises.

The judgment is affirmed. All concur.