## F. M. LENNARD v. TEXARKANA LUMBER COMPANY.

### Decided May 12, 1907.

**1.—Statute of Frauds—Contract—Performance within One Year.**

An agreement which may or may not be performed within one year from its date, consistently with its terms, is not within the statute of frauds. If by the happening of any contingency, however remote or unexpected, it may be performed or be completed within a year, it is not obnoxious to the statute. To have this effect it must appear from the contract itself that it is not to be performed within a year.

**2.—Same.**

Where a lumber company employed a physician to reside at its mill and attend its employees, and stated in the letter evidencing the contract that "we want some one who will stay with us until we are out, as we will only be here about two years," the contract was not within the statute of frauds because it was for an uncertain or indefinite time, and it did not certainly appear that its performance would extend beyond a year.

**3.—Construction of Contract—Pleading.**

The courts are not bound by the construction which a pleader may place upon a contract, even when such construction is in the nature of an admission against interest, but must construe the contract according to the law governing the same.

**4.—Promise to Pay Debt of Another.**
    Whenever the main purpose and object of the promisor is to subserve some purpose of his own, and not to answer for another, his promise is not within the statute of frauds, although it may be in form a promise to pay the debt of another.

Error from the District Court of Bowie County. Tried below before Hon. P. A. Turner.

*Chas. S. Todd,* for plaintiff in error.—The court erred in sustaining defendant's demurrer and exception to plaintiff's petition, because said petition alleged and showed a contract in writing, for the breach of which plaintiff sued, and same was not obnoxious to the statute of frauds. Weatherford, M. W. & N. W. Ry. Co. v. Wood, 88 Texas, 191; Watson v. Baker, 71 Texas, 747; Thouvenin v. Lea, 26 Texas, 615; Thomas v. Hammond, 47 Texas, 52; Regan v. Hilby, 21 Texas Civ. App., 23; Gulf, C. & S. F. Ry. Co. v. Settegast, 79 Texas, 261; Pom. Spe. Perf., secs. 78; 81-90.

*Hart, Mahaffey & Thomas,* for defendant in error.—The court did not err in sustaining the defendant's plea of the statute of frauds, urged by way of special demurrer. Watson v. Baker, 71 Texas, 739; Munk v. Weidner, 9 Texas Civ. App., 491; Biest v. Ver Steeg Shoe Co., 70 S. W. Rep., 1081; Zanderson v. Sullivan, 91 Texas, 499; Fulton v. Robinson, 55 Texas, 404; 11 L. R. A., pp. 97 and 143; Browne on Statute of Frauds, secs. 370 to 396.

TALBOT, ASSOCIATE JUSTICE.—This action was brought by the plaintiff in error to recover of the defendant in error the sum of eighteen hundred dollars. The petition, stripped of its formal parts, is as follows: "F. M. Lennard, plaintiff, complaining of and against the Texarkana Lumber Company, defendant, respectfully states, that the plaintiff is a resident of Miller County, Arkansas, and that the defendant is a corporation duly incorporated, domiciled and has its place of business in Bowie County, Texas, and that M. D. Tilson is its president and resides in Texarkana, Bowie County, Texas, upon whom service may be had. For cause of action the plaintiff states, that heretofore, to wit: on the 8th day of October, 1903, the defendant, through its superintendent and general agent, C. E. Patton, made, executed and delivered to plaintiff by due course of mail in an envelope directed in writing to Dr. F. M. Lennard, the following instrument in writing contracting with this plaintiff for his services as a physician for the term of two years, viz.:

Draper, Texas, October 8, 1903.
'Dear Sir:—I am sorry I was not here the other day to meet you—will say we will collect for you one dollar from all single employes and one dollar and fifty cents from all employes with families on the mill grounds. Employes living in the country you will receive one dollar from head of family, and for services to balance of family you will only charge half regular rates. We will furnish you with office building, and barn and lot. Our Mr. Welsh thinks we will do

well to get you, as you have been at Boggy several years and know what saw mill practice requires, and thinks you would be the man we want. We want some one who will stay with us until we are out, as we will only be here about two years. If these terms suit you, you can come over and see me and make your arrangements to come with us.        'Yours very truly,

                             'C. E. Patton, Supt.'

"Whereby the defendant obligated and bound itself to pay plaintiff, who was a practicing physician, the sum of $1.50 for each laborer at defendant's mill, the said laborer being the head of a family, and $1.00 for each single laborer working at the defendant's mill, per month, for plaintiff's services as a physician, at said mill, to be rendered to defendant's employes. The plaintiff accepted said proposition in good faith and moved to said mill about December 1, 1903, and undertook to, and did strictly perform his part of said contract; that he worked and performed the services that he obligated himself to do, as mentioned in said contract, and was paid therefor by defendant according to said contract, and plaintiff received said money from the defendant for about six months, averaging the sum of one hundred dollars per month; that said contract was reasonably worth to plaintiff an amount averaging and aggregating $100 per month, and for the term of two years. That plaintiff performed said services for the month of ·June, 1904, which was reasonably worth $100, and for which the defendant is liable to him for $100 for services performed as physician, for which he has not been paid, though the same is due and payment has been demanded. That the defendant refused to pay the said $100 or any amount for June and thereby broke and violated the contract made and entered into as before stated and set out herein, and notified plaintiff that defendant would no longer carry out its said contract; that plaintiff was ever ready and willing ˙at all times to do and perform his obligation under said contract as he had agreed and obligated himself to do, and would have done and performed, had the defendant performed its part of said contract, and not have so wrongfully broken and terminated the same by refusing to pay the money due plaintiff for the month of June, when due, and by further notifying this plaintiff that it would not carry out and perform said contract; by reason of which the plaintiff has suffered actual damages in the sum of eighteen hundred ($1,800) dollars. Premises considered the plaintiff sues and prays for citation, and upon ˙final hearing hereof, for judgment against the defendant for $1,800 damages, for interest, costs of suit and general relief."

By supplemental petition plaintiff alleged that, at the time of the making of the contract set out in plaintiff's petition, the defendant was engaged in operating a large steam saw mill, at or near Draper, Texas; that a large number of employes of defendant were required to, and did, reside at and about said mill, with their families, such place being swampy, malarial and unhealthy; that there was no physician resident there; that it was necessary, and was the universal custom of the country in the operation of such mills, and of this

mill, and necessary to the successful conduct of such business, to have a physician resident and near at hand for medical attention to said employes and was universally customary with all such mills, and with defendant, that the owners or managers of such mill, should employ such physician and pay him either a salary, or certain fees for his services, apportioned according to the number of employes engaged and resident at such mill.

It will be observed that plaintiff sought to recover of defendant the sum of one hundred dollars claimed to be due him under the contract alleged, for services rendered as a physician for the month of June, 1904, and seventeen hundred dollars as damages for a breach of said contract on defendant's part. In so far as it was sought to recover damages for the breach of the alleged contract of employment the defendant pleaded the statute of frauds by way of demurrer. This demurrer was sustained and plaintiff declining to amend, the amount (one hundred dollars), remaining in controversy being below the jurisdiction of the court, his suit was dismissed and he has brought the case to this court on writ of error.

But one assignment of error is presented, which is submitted as a proposition and is as follows: "The court erred in sustaining defendant's demurrer and exception to plaintiff's petition, because said petition alleged and showed a contract in writing, for the breach of which plaintiff sued and same was not obnoxious to the statute of frauds." The demurrer sustained by the court does not specifically point out wherein the contract sued upon is obnoxious to the statute of frauds. It simply states "that the petition is insufficient in that it fails to allege or show any valid consideration for the defendant's entering into the contract alleged in said petition and shows upon its face that the same was without consideration on the part of defendant. . . . And further because it appears that the contract sued on is obnoxious to the statute of frauds now pleaded by way of demurrer." The judgment of the court likewise simply recites that the contract sued on "is void as being obnoxious to the statute of frauds" and that plaintiff's petition is therefore insufficient to entitle him to recover. The case is argued, however, upon the theory or assumption that plaintiff's cause of action is founded upon an oral agreement and is within that provision of the statute which declares that, "no action shall be brought upon any agreement which is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized," and that the letter set out in plaintiff's petition is an insufficient memorandum to satisfy the requirements thereof. But, treating the letter set out in plaintiff's petition as mere memorandum of the contract sued on, and not the contract itself, the standpoint most favorable to appellee, no matter upon what ground the court's action was based, we are of the opinion that said contract is not in contravention of either clause of the statute invoked, and that plaintiff's assignment of error is well taken.

It is thoroughly established by the decisions of this and other States, that an agreement, which may or may not be performed within one year from its date, consistently with its terms, is not within the statute of frauds. If its performance depends upon a contingency which may happen within a year and thereby work a satisfaction or execution of the promise the mere fact or circumstance that such contingency was not likely to, nor expected to occur within the year, will not bring the case within the operation of the statute. To bring the contract within the statute it must appear from the contract itself that it is *not to be performed within a year*. In the case of Warner v. Texas & Pacific Ry. Co., 164 U. S., 418, it was held that a verbal contract by the railway company to maintain a switch for Warner's benefit for shipping purposes "so long as he may need it," was not within the statute of frauds as being a contract not to be performed within a year. After reviewing a great many authorities upon the subject the court said: "The parties may well have expected that the contract would continue in force for more than one year. It may have been very improbable that it would not do so; and it did in fact continue in force for a much longer time. But they made no stipulation which in terms, or by reasonable inference required that result. The question is not what the probable or expected or actual performance of the contract was, but whether the contract according to the reasonable interpretation of its terms required that it should not be performed within the year."

Again, in the case of Weatherford, M. W. & N. W. Ry. Co. v. Wood, 88 Texas, 191, which is quoted with approval in the case of Warner v. Railway Co., supra, it is said by the Supreme Court of this State, that "the statute only applies to contracts not to be performed within the space of one year from the making thereof. If the contingency is such that its happening may bring the performance within a year the contract is not within the terms of the statute; and this is true, whether the parties at the time had in mind the happening of the contingency or not. The existence of the contingency in this class of cases and not the fact that the parties may or may not have contemplated its happening, is what prevents the agreement from coming within the scope of the statute." Looking to the contract alleged in the case under consideration we find it contains no stipulation which in terms or by reasonable inference required that it should not be performed within one year. On the contrary, it is manifest that its performance is made to depend upon a contingency which we think in all reasonable probability might have happened within the space of one year from its date. As to the period of time the contract was to be in force the letter says: "We want some one who will stay with us until we are out, as we will only be here about two years." Though not pointing out the exact character of the contingency, in that "out" of what is not expressed, yet, the language "until we are out" clearly implies that defendant would get out of something, probably out of business or out of such timber as it sawed at its mill, which would terminate its contract of employment with plaintiff and work its complete performance.

Furthermore, the concluding part of the sentence, "as we will only be here about two years," shows that the contract of employment was for an uncertain or indefinite period of time, and although it may also indicate that the parties contemplated or expected its performance would extend beyond a year, still inasmuch as it was capable of complete performance within a year, the statute does not apply. For it is held that an agreement "to work for another for life or for an indefinite period or to do any other thing possible to be done within a year, although the doing of it may continue and may be expected to continue longer" is not within the statute of frauds. Hill v. Jamieson, 16 Ind., 125; Roberts v. Rockbottom, 7 Metc. (Mass.), 46; Foster v. McOBlenis, 18 Mo., 88; Suggett's Admr. v. Cason's Admr., 26 Mo., 221; Biest v. Ver Steeg Shoe Co., 30 S. W. Rep., 1081; Warner v. Texas & Pac. Ry. Co., 164 U. S., 418. The nature of the contingency is unimportant. If by the happening of any contingency a parol agreement may be performed within a year, such agreement is not within the statute of frauds.

But it is contended, if we understand the argument of appellee aright, that appellant can not avail himself of the foregoing principles of law in this case because he has distinctly alleged that the contract sued on was for two years. To this view we do not agree. Where the writing relied on as evidencing the contract alleged, as in this case, is set out *in haec verba,* whether or not it is obnoxious to the statute of frauds must be determined by the court without regard to the construction placed upon it by the plaintiff as manifested by the allegations of his petition. In such case the proper decision of the question depends upon the very terms of the contract itself or a reasonable interpretation thereof, and can not be controlled by inconsistent allegations therewith. Tested by this rule appellee's contention can not be sustained. There is clearly a contingency expressed upon the face of the letter set out in plaintiff's petition as the written evidence of the contract declared on which might have happened within the year, and upon the happening of which said contract would have been fully performed. This being true, the contract was not within the statute of frauds as an agreement which is not to be performed within the space of one year from the making thereof.

This disposes of the controlling question arising on the appeal. It is not contended, nor indeed could such contention, in our opinion, be maintained, that the contract sued on is obnoxious to the statute of frauds and can not be enforced because it appears to be a promise to pay the debt of another and the written evidence of such promise as set out in plaintiff's petition is insufficient to require him to answer therefor. Clearly the letter upon which defendant is sought to be charged evidences an original and not a collateral undertaking on its part. "Wherever the main purpose and object of the promisor is, not to answer for another, but to subserve some purpose of its own, his promise is not within the statute of frauds, although it may be in form a promise to pay the debt of another. Lemmon v. Box, 20 Texas, 329. If not clearly and fully expressed the manifest inference from the language employed in the

letter declared on in this case is, that defendant's primary and leading object was to subserve its own interest by securing the medical services of plaintiff in preserving or restoring the health of its employes to the end that a successful operation of its mill might ensue, and not to guarantee or secure to plaintiff the payment of such indebtedness as might become due and owing to him for such services. Whether, when fairly construed in the light of the evident intention of the parties as appears from the whole letter and pertinent allegations of appellant's original and supplemental petitions, the language "we will collect for you one dollar from all single employes and one dollar and fifty cents from all employes with families on the mill grounds," imports an absolute promise on defendant's part to pay such sums, or only to retain the same out of the wages of its employes and pay it to plaintiff in consideration of the benefits to accrue to it from his services, an obligation is thereby assumed, the breach of which will render defendant liable for such damages as plaintiff may sustain thereby.

Having held that the contract in question is not within the statute of frauds it becomes unnecessary to consider the several matters the "memorandum" must contain, or the degree of certainty or fullness required in their statement, to withdraw the agreement from the operation of the statute.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Writ of error refused to appellee.