### RICE v. THOMPSON.

No. 12633.

Court of Civil Appeals of Texas.

San Antonio.

April 7, 1954.

Rehearing Denied May 5, 1954.

---

3. Chap. 74, p. 233, Acts 41st Leg., 1930, 5th C.S.

was employed upon a commission basis or upon a salary basis. J. L. Essex was working for appellant on October 1, 1945, when Thompson was first employed, and it is undisputed that under the original agreement of employment both Essex and Thompson were entitled to certain commissions upon the sales of products manufactured. However, on or about June 30, 1946, Essex left the employ of appellant and a new agreement was entered into by Thompson and Rice.

The above statement is taken from the opinion written on the former appeal of this cause. Rice v. Thompson, 239 S.W.2d 137. After the cause was remanded, a trial was conducted before a jury, and the jury found as a fact that appellant, Rice, "on or about June 30, 1946, agreed that Thompson should be compensated for services to be rendered to Rice by receiving a commission of 10% on gross sales made by Mineral Products, rather than by a fixed salary." No other controlling issues were requested with reference to the terms of the contract.

■ The attack made upon the judgment rendered upon the verdict is twofold: (1) That the verdict is supported by no evidence, insufficient evidence, and is against the great and overwhelming preponderance of the evidence, and (2) that the employment contract, even if made, violated the fifth section of the Statute of Frauds, in that it was an oral contract not to be performed within a year. Substantially the same points were urged in the former appeal which resulted in a remand because of a defectively stated special issue. In testing the verdict against the evidence, we must disregard all evidence adverse to the successful party and give credit to all evidence favorable to him, indulging every reasonable conclusion that is favorable to him. Chapman v. Evans, Tex.Civ.App., 186 S.W.2d 827; Texas Prudential Ins. Co. v. Knighten, Tex.Civ.App., 186 S.W.2d 843; 4 Tex.Jur., Ten Yr.Supp., Evidence, § 410.

Thompson testified about the circumstances of his original employment prior to the date of the agreement found by the

Rice, Waitz & Rice, W. Pat Camp, and Clinton T. Hime, Jr., San Antonio, for appellant.

Moursund, Ball, Moursund & Bergstrom, San Antonio, for appellee.

POPE, Justice.

The appellant, Robert H. Rice, operating under the name of Mineral Products, was the owner of a manufacturing plant located at Burnet, Texas, where building materials and commercial products were manufactured from a mineral known as vermiculite under license from the Universal Zonolite Company. The appellee, Jack Thompson, was employed by Rice and the question involved in this lawsuit is whether Thompson

jury. He stated that his commissions were then lower than ten per cent, by reason of an existing agreement between Rice and another salesman named Essex, but that Mr. Rice told him he would increase his commissions if and when Essex ceased working for him. He stated that on June 30, 1946, Mr. Rice drove to Burnet to see him, and upon his arrival said: "Jess (Essex) has quit. He has left me and it has gotten this thing out of my hair, and now we can operate this plant like we want to." Thompson testified that he asked Rice at that time: "Now do I get my ten per cent commission?" to which Rice replied: "Why, sure. You bet; you bet." Thompson stated also that he was the only salesman working for Rice from that time on, that he was sent to Burnet to put the plant in working order, and that after spending a year there, he got out on the road to sell the products produced by the plant. He stated that in January, 1947, while traveling to Dallas with Mr. Rice, he asked him to make a settlement, and that Mr. Rice told him he would do so as soon as his accountant made his annual report. He testified about a similar request in February of 1947, at which time Mr. Rice reassured him that he would receive his money, but asked that he wait until some needed improvements were made at the plant. In March of 1947, the conversations about settlement were again renewed while traveling together to Chicago. Thompson said, "We had quite a lot of talk about them." He stated that Mr. Rice again postponed a settlement by reason of an indebtedness of the business. Similar conversations were resumed, Thompson said, during the early part of 1948, when Rice became reluctant to discuss the commissions. During July of 1948, they again discussed the commissions that Thompson had earned, and it was then that Rice, for the first time, denied that he owed Thompson anything. Unquestionably, there is strong evidence from several witnesses contradicting Thompson's statement about the original agreement, as well as the prior and subsequent circumstances surrounding his employment, but the disagreement and conflicts in the evidence have been resolved by the jury.

In Dyer v. Sterett, Tex.Civ.App., 248 S.W.2d 234, Mr. Justice Norvell discussed and applied the rules with reference to the objection that a finding is against the overwhelming preponderance of the evidence. That was a suit for compensation based upon evidence very similar to that in this case. Plaintiff sought a recovery of compensation claimed under an oral contract of employment, and the same points were urged as are urged here. The jury finding has support in the evidence, for all the reasons discussed in Dyer v. Sterett.

Appellant's point that the contract violates the statute of frauds is grounded upon the premise that it was an oral contract not to be performed within a year, because settlement of the commissions was not to be made until more than a year after the contract was made. Only one issue was submitted with reference to the contract, and by that issue the jury decided that the appellant, Rice, agreed to pay appellee, Thompson, ten per cent commissions on the gross sales. No other issues inquiring about additional terms of the agreement were requested. On the basis of the jury's answer to the one special issue, there was an oral contract for payment of the commissions, but there was no agreement, as urged by appellant, that it was to run from October, 1945, until some time in 1947.

The trial court granted judgment for the appellee, and in doing so determined that the evidence did not conclusively establish that the contract was not to be performed within the space of one year from June 30, 1946. Despite the absence of a jury finding, and despite the trial court's judgment on the contract, appellant's point assumes that the contract is one that was not to be performed within a year. Appellant relies upon payment date as the thing which extended the contract beyond the one year period. His contention is that the original contract was made in October of

**484**

1945, and that by its terms payment of the commissions was not to be made until an audit was completed in January of 1947, which would be more than one year from the making of the contract. The fallacy of the argument is that it takes October, 1945, as the date of the contract, when the appellee's suit, supported by the verdict and evidence, is grounded on a contract made in June of 1946. With June, 1946, as the date of the contract, an agreement to make settlement in January of 1947 would be less than a year and would comply with the statute of frauds. Even so, we are unable to say that there was conclusive proof of any payment date. The evidence shows several efforts to obtain settlement, and appellee, Thompson, testified that in February of 1947 he told Rice: "I thought we ought to have some kind of an agreement," indicating that no agreement as to payment date was included in the original contract. Because appellant, Rice failed to request an issue inquiring whether the payment date was a part of the original agreement and showing that such date was one year beyond June 30, 1946, and since the evidence does not conclusively establish those facts, he is in no position to complain. Rule 279, Texas Rules of Civil Procedure.

The jury's answer to the single issue which inquired about the terms of the contract, declares the only contract present in this suit. It was an agreement that Thompson would receive a commission of ten per cent on the gross sales made by Mineral Products. There were no limitations as to time, it was of indefinite duration and was terminable by either party at will. Appellant's point about the Statute of Frauds is based upon an irrelevant contract in 1945, that was not inquired about in the charge, was not found by the jury, and is not conclusively proved.

■ An employment contract of indefinite duration such as the one found by the jury is not within the Statute of Frauds. Wellington Oil Co. of Delaware v. Maffi, 136 Tex. 201, 150 S.W.2d 60; Fenner, Beane & Ungerleider v. Donosky, Tex.Civ.App.,

62 S.W.2d 269; Overland Automobile Co. v. Cleveland, Tex.Civ.App., 250 S.W. 453; Lennard v. Texarkana Lumber Co., 46 Tex.Civ.App. 402, 94 S.W. 383.

The judgment is affirmed.