THE EAST LINE & RED RIVER RAILWAY COMPANY v. W. F. SCOTT.

No. 2830.

1. **New Cause of Action.**—The original petition alleged a breach of an obligation on part of defendant to plaintiff to give him employment "for whatever length of time petitioner might desire to retain such employment." By amendment the obligation alleged was to give employment "for the period and term of the natural life of the plaintiff." *Held*, that the amendment set up a new and different contract.

2. ` **Limitation—Amendment.**—The breach of contract was alleged as of July 1, 1886. Suit was filed November 10, 1886. The amendment upon the new cause of action was filed January 7, 1889. *Held*, that the action as exhibited in the amended petition was barred by limitation of two years.

ERROR from Marion. Tried below before Hon. John L. Sheppard.

This is a second appeal. The case is stated in the report on the first appeal, 72 Texas, 70, and in opinion.

*F. H. Prendergast*, for plaintiff in error.—The court erred in overruling defendant's motion for a new trial, because it appeared from the evidence that plaintiff's cause of action was barred by limitation. Railway v. Scott, 72 Texas, 70; Williams v. Randon, 10 Texas, 80.

*C. A. Culberson* and *H. McKay*, for defendant in error.—1. The original petition declares upon a valid contract, binding upon appellant for consideration fully paid by appellee, but omits to state the duration of said contract. The amended petition covers this defect: Turner v.

Brown, 7 Texas, 490; Pridgen v. McLean, 12 Texas, 420; Thouvenin v. Lea, 26 Texas, 612; McIlhenny v. Lee, 43 Texas, 208, and cases there cited; Railway v. Scott, 72 Texas, 70, and cases there cited and reviewed.

2.  The original petition sets forth a contract binding on appellant to give appellee service at his option, but failing to set out the duration of appellant's obligation, which defect is cured by the amended petition. The one contract grows out of the same transaction, between the same parties, and for the same consideration, moving to appellant and paid in advance by appellee.  Lee v. Boutwell, 44 Texas, 151; Thompson v. Swearengin, 48 Texas, 555; Railway v. Irvine, 64 Texas, 529; Railway v. Davidson, 68 Texas, 370.

HENRY, Associate Justice.—Plaintiff was injured in a wreck on the defendant railroad.  He instituted suit for damages in the District Court.  Afterwards that suit was compromised and dismissed, the defendant paying him a sum of money.

On the 10th day of November, 1886, plaintiff filed his original petition in this suit, in which he alleged that by the terms of the compromise of the first suit, in addition to the money consideration paid to him, defendant agreed and promised that it would thereafter, when plaintiff should ask for and accept service and employment from it as a locomotive engineer on its road, give him such employment "for whatever length of time plaintiff should desire to retain it," at the reasonable and customary rates of pay for such employment.

The original and amended petitions charge that on the 1st day of July, 1886, plaintiff offered himself to defendant for said employment, but the company refused to employ him.

Under this state of the pleadings there was a trial and judgment for plaintiff, which on appeal by defendant to this court was reversed.  72 Texas, 70.

In reversing the case Chief Justice Stayton says:   "The evidence tends to show that the promise made on compromise was to give to appellee employment during his life, but it does not show that when he sought employment he proposed to render service for any named period, or so long as he might live and be able to perform the services contemplated. We must take the contract alleged in the petition to be the one on which appellee must recover, if at all, and looking to that there can be no doubt that whether appellee should serve appellant, and the term of such service, depended upon his own will.   It is very generally if not uniformly held, when the term of service is left to the discretion of either party, or the term is left indefinite or determinable by either party, that either may put an end to it at will, and so without cause."

In the District Court on the 7th day of January, 1889, plaintiff amended his petition as to the contract of employment so as to make it read in that

particular that defendant promised to give plaintiff employment on its road as a locomotive engineer "for the period and term of the natural life of plaintiff." In other respects, including the date of the breach of the contract, this amended petition contained substantially the same allegations that the original petition did.

Among other issues the defendant pleaded the statute of limitations of two years to the cause of action set up by the amended petition.

The facts were proved to be as follows:

1. Plaintiff was injured in August, 1882, and filed a suit on May 22, 1884, which he compromised for $4500 in money and an agreement to be employed as an engineer for life, to begin as soon as he was able to go to work.

2. Plaintiff was unable to work until about July 1, 1886, at which time he applied for work and was refused.

3. Plaintiff filed his original petition herein on November 10, 1886, which is copied into the statement of facts and shows that the cause of action therein alleged was as we have stated above.

4. That the amended petition was filed on January 7, 1889.

Defendant requested the court to charge that the amended petition set up a different cause of action, which was barred by the two years statute of limitations.

The refusal of the court to give this charge is assigned as error and is the only question in the case.

We think the amended petition sets up an essentially different contract from the one alleged in the original petition. The parties and the inducement, or consideration, are the same, but these things do not in either instance constitute the whole of the undertaking.

The contract alleged in the amended petition is substantially the one proved upon the trial of the original petition. If the contract as now alleged is substantially the same that it was then, the same objections might be urged to it now that were urged then. The difficulty on the former trial was of substance and not of form.

The amendment set up a new cause of action, and the proof (with nothing to the contrary) showed that the cause of action was barred when it was first pleaded.

The court having committed error in refusing the charge requested, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered November 12, 1889.