TEXAS MIDLAND RAILROAD v. W. D. MORRIS.

Decided May 17, 1902.

1.—Contract—Variance.

Where plaintiff alleged a contract of employment "during his lifetime or so long as he might desire," proof showing a contract for life was fatally variant.

2.—Same—Term of Employment Indefinite.

Where the term of service in a contract of employment is left to the discretion of either party, or the time left indefinite, either party may terminate the contract at will and without cause.

3.—Same—Fixing Term.

Under a contract for plaintiff's employment "during his lifetime or so long as he might desire," the employer could discharge him at will until he had fixed the term of service, and a pleading which failed to allege that plaintiff had fixed the term of service did not show a binding contract.

Appeal from Kaufman. Tried below before Hon. J. E. Dillard.

*A. H. Dashiell, C. W. Ogden,* and *W. H. Lipscomb,* for appellant.

*Woods & Baldwin,* for appellee.

TEMPLETON, Associate Justice.—Morris lost an eye while in the employ of the Midland Railroad and claimed damages on account of the injury. His employer denied liability. The claim was settled by compromise without suit. The release executed by Morris recited a consideration of $25 cash. Pending the compromise Morris became the keeper of appellant's section house near Terrell. He remained in that position for more than a year after the settlement was effected, when a controversy arose concerning his method of conducting the business and he retired. He thereupon brought this suit, alleging that in consideration of the release by him of his claim for damages appellant contracted and agreed to make him its section house keeper "during his lifetime or as long as plaintiff might desire," giving him the house free of rent and boarding with him its section hands; that he was discharged without cause and in violation of said agreement, and was thereby damaged. He obtained judgment in the trial court, hence this appeal.

Appellant demurred to the petition on the ground that the term for which appellee was to be section house keeper was not fixed by the alleged agreement, but was indefinite and uncertain, and was left to the option of appellee, which was never exercised, thereby rendering appellant not liable in damages for breach of the agreement, even if appellee was discharged without cause. The demurrer was overruled. On the trial appellee testified that the agreement was that he was to be section house keeper for life. Appellant insists that the agreement proven was not that alleged, and that it was entitled to a peremptory charge instructing the jury to find a verdict in its favor. The court refused to give such charge. The motion for a new trial questioned the correctness of these rulings of the court and presented the contention that, under the pleadings and evidence, no liability was shown.

In Railway v. Scott, 72 Texas, 70, the appellee, Scott, was injured while in the employ of the company and brought suit for damages. The suit was compromised, the company paying him a considerable sum in cash. Thereafter he applied to the company for employment and his application was rejected. He brought suit, alleging that part of the consideration for settlement was an agreement on the part of the company to give him employment "for whatever length of time your petitioner might desire to retain such employment." The evidence introduced on the trial tended to show that the agreement was to give Scott employment for life. Scott recovered a judgment which was reversed on appeal. The court held that the agreement alleged was valid and was based on a sufficient consideration, that it gave Scott the right to fix the term of employment, but that as he never elected to exercise the option, the company was not liable for refusing to give him employment. And it was held on a subsequent appeal of the case, 75 Texas, 84, that a contract for life was fatally variant from that alleged in the original petition.

In the case at bar the agreement alleged was that plaintiff was to have the section house "during his lifetime or as long as he might de-

"hire." It is clear that the agreement itself does not fix the term for which appellee was to be section house keeper. As in the Scott case, the agreement was valid and was based on a sufficient consideration. It gave to appellee the right to fix the term for which he should retain the position, but until he had done so, the term was uncertain and indefinite. It was not alleged or proven that he ever elected to serve for any specified time. He simply made an agreement by which he was to have the house for such time as he pleased, and took charge without ever declaring his intention as to the term of his occupancy. He had the right to quit at any time without being guilty of a breach of the agreement. On this point the Supreme Court in the Scott case said: "It is very generally held, when the term of service is left to the discretion of either party, or the time left indefinite or determinable by either party, that either may put an end to it at will and so without cause. When such a state of agreement exists it is no breach of contract to refuse further services; and the refusal to accept any at all it would seem at most would entitle the engaged servant only to nominal damages. If the pleadings of appellee be accepted as true there can be no doubt that there was an agreement that appellant would give employment to appellee; but as the period for which this should be done was dependent upon the will of appellee to be exercised in the future, there was no contract binding appellant to employ appellee for any fixed period; the minds of the parties had not met as to a material element of the contract to which the agreement looked,—the period of service." It follows that the agreement alleged in the case before us lacked one material thing of constituting a complete and binding contract for the breach of which substantial damages might be recovered by appellee, and that is, an election by appellee to fix the term for which he was to serve appellant as section house keeper. In the absence of an allegation that he had made such election, the petition did not show a breach of the contract on the part of appellant, and consequently did not state a cause of action. The contract proven, which was for life, was valid, binding, and certain, but it was not the contract alleged, and a recovery could not be had thereon.

Appellee contends that appellant recognized the validity of the contract by accepting his services as section house keeper, while in the Scott case the company refused to employ Scott at all. It clearly appears from the opinion in the case cited that the distinction is immaterial. So long as appellee continued in the position of section house keeper he was entitled to receive the benefits incident thereto, but so long as he had the right to terminate his incumbency at will, the appellant enjoyed the same privilege. So long as the term for which appellee was to have the section house was indefinite, no rule existed by which the damages suffered by him on account of his discharge could be measured. The term of the contract could be made certain only by action on the part of appellee, and as he never elected to fix the term, he has shown no right to recover.

The courts of the different States are not altogether in harmony on these questions, but the Supreme Court of this State has settled them adversely to appellee. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed by the Supreme Court for want of jurisdiction.