### TEXAS CENT. R. CO. v. ELDREDGE.

(Court of Civil Appeals of Texas. Dallas March 22, 1913. Rehearing Denied April 19, 1913.)

1. MASTER AND SERVANT (§ 6*)—CONTRACT OF EMPLOYMENT—ACTIONS FOR BREACH—EVIDENCE.

In an action on a parol agreement to employ plaintiff for life in consideration of his written release of a claim for damages for the loss of an eye, where the release recited a consideration of only $74.25, evidence as to the circumstances surrounding the accident and the extent of the injuries was admissible as bearing on the probability of such contract having been made.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 6; Dec. Dig. § 6.*]

2. EVIDENCE (§ 317*)—HEARSAY — CONTRACTS OF EMPLOYMENT—ACTIONS FOR BREACH.

In an action on a contract to employ plaintiff for life in consideration of his release of a claim for personal injuries, evidence as to the knowledge of defendant's representative, who procured the release, that defendant's attorneys had given an opinion that defendant was not liable for the injuries was hearsay and inadmissible; it not appearing that plaintiff was present or knew of such opinion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

3. MASTER AND SERVANT (§ 3*)—CONTRACTS OF EMPLOYMENT—ENFORCEABILITY.

A contract by an employer to employ an employé for life in consideration of his release of a claim for damages for personal injuries was sufficiently definite as to the time of employment to be enforceable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 2, 3; Dec. Dig. § 3.*]

4. CONTRACTS (§ 10*) — MUTUALITY — CONTRACTS OF EMPLOYMENT.

An agreement to employ plaintiff for life in consideration of his release of a claim for damages for personal injuries was not non-enforceable because optional on plaintiff's part as to how long he would remain in the employment, where he accepted work thereunder and continued to work for defendant for about eight years and until discharged; this being notice to defendant that he intended to work for the time stipulated in the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21–40; Dec. Dig. § 10.*]

5. MASTER AND SERVANT (§ 3*)—CONTRACTS OF EMPLOYMENT—ENFORCEABILITY.

An agreement to employ plaintiff for life in consideration of his release of a claim for damages for personal injuries was not non-enforceable because there was no stipulation as to the compensation, character of his services, or the manner of performance, where he was a machinist and following the agreement worked as such for a number of years without any dispute as to the compensation, character of work, or manner of its performance.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 2, 3; Dec. Dig. § 3.*]

6. EVIDENCE (§§ 417, 419*)—PAROL EVIDENCE AFFECTING WRITING.

A parol agreement to employ plaintiff for life in consideration of his written release of a claim for damages for personal injuries, which release recited a money consideration, could be proved either under the rule that parol evidence is admissible to show the consideration for a contract, although the contract is in writing and expresses a consideration therein, or under the rule that, where a contract is part in writing and part verbal, the verbal part may be established by parol evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1899, 1912–1928; Dec. Dig. §§ 417, 419.*]

Appeal from District Court, Hill County; C. M. Smithdeal, Judge.

Action by E. L. Eldredge against the Texas Central Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Alex. S. Coke, of Dallas, and Spell & Sanford and W. E. Spell, all of Waco, for appellant. Morrow & Morrow, of Hillsboro, for appellee.

RAINEY, C. J. Appellee was an employé of appellant, and while at work in the performance of his duties in January, 1903, in appellant's machine shops situated at Walnut Springs, Tex., was struck in the eye by a piece of wood which caused the loss thereof. Some months thereafter appellee signed a written release for such damages as he had

sustained in consideration of $74.25, recited therein, but at said time it was understood and agreed that, as a further consideration for the execution of said release, appellant was to give appellee a lifetime job. Appellee then went, by virtue of said agreement, into and continued in said position until August, 1911, when he was discharged without fault on his part, and in violation of said agreement. This suit was brought by appellee to recover against appellant for a breach of said contract to employ him for life. Appellant pleaded a general demurrer, general denial, and the statute of limitation of two years.

[1] A verdict and judgment were rendered in favor of plaintiff for $1,750, from which this appeal is taken.

Appellant's first assignment complains of the admission of appellee's testimony on direct examination when he stated what he was doing and where he was at the time he received his injury, who he was working for, and what his duties were, to whom the saw belonged, as to the ball of the eye being gone and not being able to see out of that eye, as to the amount of pain caused, and as to the condition of his sight since one eye was gone.

The proposition submitted under said assignment is: "The evidence admitted over the objection of the appellant, as disclosed by the above and foregoing bills of exception, was immaterial and irrelevant in that it did not tend to elucidate or make plain any relevant fact that was authorized by the plaintiff's pleading upon which the case was tried. The effect of the introduction of such testimony was to improperly influence them in the matter of reaching a verdict, in that it tended to inflame their minds and appealed to their sentimental nature, and in no wise could it or did it tend to aid them in determining the crucial point in the case, to wit, whether or not the appellant and appellee entered into a contract of settlement as alleged and for the consideration alleged in said contract, and, further, as to whether or not the said contract had been breached by defendant, as alleged."

The petition of plaintiff had alleged, in effect, that appellant had breached a contract wherein it had agreed to give him employment for life in consideration of a release of damages arising from the loss of an eye by appellee; the injury having been sustained while engaged in the performance of his duties as appellant's employé. It was necessary for plaintiff to sustain his allegations by proof of a consideration for the promise of appellant to give him a lifetime job, as the making of said agreement was part in writing and part in parol, and that in parol was denied by appellant, about which the evidence was conflicting. The evidence objected to was admissible as a circumstance to show the probability of the making by appellant of a promise for a lifetime job,

when the consideration stated in the written contract was $74.25, which was exceedingly small for the loss of an eye.

[2] Complaint is made of the court's action in not permitting R. M. Cox to testify that Clark and Bolinger, appellant's attorneys, just after appellee was injured and before the release was executed by him, had given an opinion as to appellant's liability to appellee for said injury, which opinion was adverse to appellee's right to recover. We are of the opinion that said testimony was clearly hearsay and not admissible. That Cox, acting for appellant in making the settlement, had in view the opinion of appellant's general attorneys is in no way binding on appellee; he not being present or knowing of said opinion, and his actions not having been influenced by same.

The following charge was requested by appellant and refused by the court, of which the appellant complains, viz.: "You are instructed that the evidence in this case is insufficient to support a judgment for the plaintiff in this case; you will therefore return a verdict for the defendant." Under this assignment, it is urged that, "where a contract of the nature and kind alleged in the appellee's petition forms the basis of a suit, or, for that matter, a basis for agreement to do or not to do a particular thing, it must be in terms sufficiently explicit and definite to show that the minds of the parties had met and agreed as to all of the material elements of the contract to which the agreement looked, and, in the absence of such definiteness and certainty, the contract would be necessarily void."

[3, 4] It was alleged and proven that, by reason of the claim of appellee for damages against the appellant, an agreement was entered into by which, in consideration of $74.-25 and a promise of lifetime employment to appellee, a written release was signed by appellee releasing appellant from further liability for damages. The contract, as pleaded and as shown by the evidence, was definite as to time of employment, being for the natural life of appellee, and said contract is not uncertain in that respect. Nor is it nonenforceable because optional on appellee's part as to how long he would remain in appellant's employment. In Railroad v. Scott, 72 Tex. 70, 10 S. W. 99, 13 Am. St. Rep. 758, it is said: "There can be no doubt but that a contract may be so made as to be optional on one of the parties and obligatory on the other, or obligatory at the election of one of them." That there was a valuable consideration to support such a contract there cannot be any question. The contract was optional with appellee, and he acted thereon when immediately after the making of said contract, he accepted work thereunder in the employ of appellant, and continued to so work for about eight years without interruption, from which we think it fair to conclude that both parties considered the

contract as binding, and that it was notice to appellant that appellee intended to work for the time stipulated in the contract and that he would insist upon appellant performing its contract as obligated.

[5] The further contention is that there was no compensation stipulated for appellee to receive, nor the amount of which he was to perform, nor the character thereof, which renders the contract void for uncertainty. Appellee was a machinist, and he had worked for appellant for a number of years in the machine shops before he was injured; after the injury, appellee was put to work under said contract in his former place and continued therein for about eight years, when he was discharged without cause. During that time there was no difference between them about the amount of compensation, the character of work, nor the manner of its performance. So to conclude that because the contract was silent about these matters becomes immaterial. That an agreement for a valuable consideration to give employment for life is valid is recognized in the following cases: Railroad Co. v. Scott, 72 Tex. 70, 10 S. W. 99, 13 Am. St. Rep. 758; Railroad Co. v. Scott, 75 Tex. 84, 12 S. W. 995; Railway Co. v. Morris, 29 Tex. Civ. App. 491, 69 S. W. 103; Lennard v. Lumber Co., 46 Tex. Civ. App. 402, 94 S. W. 385. It is insisted that: "The terms and conditions of a valid written instrument voluntarily entered into cannot be altered or changed by parol testimony, in the absence of fraud or mutual mistake."

[6] It is a general rule that parol evidence is not admissible to change, vary, or contradict a written contract. This is so well settled that it is useless to cite authorities. This rule, however, is not applicable here. There is another rule that applies here, and that is that parol evidence is admissible to show the consideration for a contract, although the contract is in writing and the consideration expressed therein. Jones on Ev. § 468; Hansen v. Yturria, 48 S. W. 797. There is also a rule that, where a contract is part in writing and part verbal, parol testimony is admissible to establish the part that is verbal. The contract sued on comes under either of the last-named principles. The testimony of appellee is in effect that the consideration expressed in the written release did not constitute all of the consideration for his signing the release. So we hold that there was no error in admitting parol evidence to show what the full consideration was.

We are of the opinion that the evidence is sufficient to show that R. M. Cox, when the contract was made, was acting within the scope of his authority in making the contract, and same is binding on appellant.

Complaint is made of the giving of the following charge: "On the other hand, unless you believe from the evidence that the defendant, by and through R. M. Cox, did make an agreement with the plaintiff to employ him for life, and that plaintiff was ready to carry out his part of the agreement and entered the service of the defendant for that purpose, and that the defendant afterwards breached said agreement, if any, discharging plaintiff or dismissing him from the service of the defendant, you will find for plaintiff." We think the evidence warranted this charge in that it showed Cox was acting within the scope of his authority in making said agreement with appellee and the allowing of appellee to work after the injury by appellant. The paying him wages for the number of years he worked, under the contract for life, was an implied notice to and acceptance by appellant that appellee intended to work during his lifetime.

Other assignments complaining of the court's charge and of the refusal to give special charges have been considered, but we find no reversible error, and the judgment is affirmed.