## ST. LOUIS, B. & M. RY. CO. v. BOOKER. (No. 8870.)*

(Court of Civil Appeals of Texas. Galveston. June 20, 1926. Rehearing Denied Oct. 7, 1926.)

**1. Master and servant ⬤⟿43.**

Evidence in car inspector's action for compensation for time lost between date of unjust discharge and reinstatement *held* to require submission of issue of liability to jury.

**2. Appeal and error ⬤⟿867(2).**

On appeal from order granting new trial, court need not determine questions raised on trial and which may be material on another trial but which are not material to question of propriety of order appealed from.

**3. Appeal and error ⬤⟿867(2).**

On appeal from order granting new trial, court *held* not required to pass on questions of admissibility of particular evidence, where other evidence was alone sufficient to require submission of case to jury.

Appeal from District Court, Harris County; Hon. Chas. E. Ashe, Judge.

Action by T. F. Booker against the St. Louis, Brownsville & Mexico Railway Company. From an order granting plaintiff a new trial after a directed verdict and judgment thereon for defendant, defendant appeals. Affirmed.

Andrews, Streetman, Logue & Mobley and James E. Kilday, all of Houston, for appellants.

Charles Murphy, of Houston, for appellee.

PLEASANTS, C. J. This appeal is from an order of the court below granting appellee a new trial in a suit brought by him against appellant, in which the court had instructed the jury to return a verdict in favor of the defendant, and upon the return of such verdict had rendered judgment accordingly.

[1] Plaintiff's petition alleges in substance: That on and prior to the 20th day of September, 1919, plaintiff was in the employment of the defendant as a car inspector. That on or about the date mentioned the Director General of Railroads, who was in charge of the operation of defendant railroad, and the Brotherhood of Railway Carmen of America, of which plaintiff was a member, entered into an agreement for the purpose of fixing rules, regulations, rates of pay, and the conditions under which plaintiff and his coemployees might enter in the service of the defendant, and the conditions under which they might be discharged from the service. That said contract, which was duly executed by the parties thereto before named, was made for the special benefit of plaintiff and those engaged in like service, and contained the following provisions:

"Rule No. 37. An employee who has been in the service of the railroad 30 days shall not be dismissed for incompetency, neither shall an employee be discharge for any cause without first being given an investigation.

"Rule 38. If it is found that an employee has been unjustly discharged or dealt with, such employee shall be reinstated with full pay for all lost time."

That this contract remained in full force and effect and was recognized as a binding contract between plaintiff and defendant until it was superseded by a later one made in the year 1923. That in violation of the terms and provisions of its contract with plaintiff, the defendant, on or about the 30th day of November, 1920, unjustly and without any cause or excuse discharged plaintiff from its service and refused to reinstate him upon application made by plaintiff to the proper officials of the company. That thereafter plaintiff and defendant agreed to submit the question of plaintiff's discharge and his right to reinstatement to the United States Railroad Labor Board. That in accordance with said agreement plaintiff and defendant did submit to the Railroad Labor Board the question of the justness of plaintiff's discharge and of his right to reinstatement. That after due notice of the hearing on the questions jointly submitted to it by plaintiff and defendant, with an opportunity for argument by both parties, the Labor Board, after full investigation and deliberation, decided, on or about the 19th day of November, 1921, that plaintiff was unjustly discharged and was entitled to be reinstated and to receive from defendant the amount due under his contract for the time he was debarred from defendant's service, less any amount he had earned in other employment during said time. That on or about December 9, 1921, after the receipt by it of the finding and award of the Labor Board, the defendant re-

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused November 10, 1926.

quested the plaintiff to return to work as soon as possible, and requested the plaintiff to file on or before a named date a statement of the time lost by him because of his wrongful discharge and of the amount earned by him in other employment during said time. That plaintiff complied with defendant's request and returned to work, and within the time allowed by the defendant filed the statement showing the time lost, and the amount earned by him in other employment, which statement shows that the amount due plaintiff under his contract of employment, after deducting therefrom the amount earned in other employment during the time his services were refused by the defendant, is the sum of $1,712.74. That:

"Though the defendant immediately complied with that part of the ruling of the United States Labor Board ordering the reinstatement of the plaintiff in his former position with seniority rights unimpaired, the defendant has failed and refused and continues to fail and refuse to pay the plaintiff the difference between the amount of money which he would have earned and the amount which he did earn, or any part thereof, though the plaintiff has made frequent demands and requests on the defendant and its general manager for the payment thereof. * * * That the agreement for the joint submission of the controversy between the plaintiff and the defendant was signed by the representative of plaintiff on the one hand and the general manager of the defendant railroad company on the other, and the plaintiff does not have at this time an original copy of said agreement to jointly submit the controversy, but the defendant has an original copy of said agreement, and the plaintiff now requests the defendant to produce said original agreement to submit the controversy, as between it and the plaintiff, on the trial of the cause or the defendant will offer secondary evidence thereof. The plaintiff also does not have an original copy of the award of the United States Railroad Labor Board, but says that the defendant has an original copy thereof, and the plaintiff requests the defendant to produce said original copy of the award of this case, or plaintiff will offer secondary evidence of the contents thereof.

"Wherefore plaintiff prays that defendant be cited to appear and answer herein, and on the hearing hereof the plaintiff have judgment for the sum of $1,712.74, together with interest thereon from November 19, 1921, and together with costs of this suit, and for such other and further relief as plaintiff might be entitled, for all of which he will ever pray."

The defendant answered by general demurrer and general denial, and by special pleas, in which it is averred in substance that plaintiff, after full investigation and hearing, at which plaintiff was present, was rightfully discharged because he was found guilty of violating the law by aiding in the illegal transportation of intoxicating liquor, "and is in no position to invoke the contract in question or to predicate his claim thereupon in connection with the supposed award of the United States Labor Board."

The facts and circumstances tending to show plaintiff's complicity in the unlawful acts charged against him by the defendant are set out in detail in the special plea:

"For further and special answer herein, defendant says, in reference to the award of the United States Labor Board, that said award was in disregard of the facts, and undertook to go further than the parties had authorized in the submission as made. Under no circumstances was the Labor Board authorized to require the railway company to pay to the plaintiff money that he had not earned. The order of the board that he be reinstated in the employment was reluctantly obeyed because of the desire of the railway company to have the good wishes and co-operation of the United States Labor Board; but the order to pay the plaintiff money for which he had performed no service was, after due consideration, repudiated, and the railway company held itself not to be bound thereby, as it had a legal right to do. Furthermore, in respect to the reinstatement of plaintiff as an employee, after this was accomplished, the plaintiff himself went out with the Shop Crafts in their illegal strike, contrary to the express findings and orders of the United States Labor Board. In consequence of such action, as well as for other reasons, he was not again re-employed.

"Wherefore, premises considered, defendant prays that plaintiff take nothing by his suit, and that defendant go hence without day and recover its costs."

Upon the trial a witness for plaintiff, D. B. Gray, testified in substance that in November, 1920, he was general chairman representing the Federated Shop Crafts on defendant railway, and that plaintiff was a member of the federation, and that it was the duty of witness to represent plaintiff in the controversy between him and the defendant. After hearing of plaintiff's discharge on November 20, 1920, he took up the matter with the proper officials of defendant railway, and he and Mr. Robinson, defendant's general car foreman, and who was representing the defendant in the matter, made an investigation of the charges against plaintiff and were unable to agree as to whether the charges should be sustained. In this situation, they submitted the matter to Mr. Choate, defendant's general manager, who sustained Mr. Robinson in the opinion that the charges were true and that plaintiff should be discharged, but because of the fact that the discharge had been made without any investigation, he paid plaintiff $116, the amount of his wages for the time elapsing between the date of his discharge and the date of the investigation. This witness further testified:

"When Mr. Choate sustained Mr. Robinson and continued to keep Booker discharged, I then asked Mr. Choate to jointly submit it with me to the United States Railroad Labor Board, and he agreed to do it. I haven't an original copy of that joint submission; I never had an original; they always send us a copy. If there isn't a copy of it there in that file you have, then I haven't a copy. This instrument you

hand me is a true copy of the joint submission, signed by D. B. Gray, representing the Shop Crafts, and W. G. Choate, representing the railroad.

"The plaintiff: We offer that instrument in evidence, as follows: .

" 'United States Labor Board.

" 'Shop Crafts v. Gulf Coast Lines.

" '*Statment of Facts:*

" 'Decision is requested as to whether or not the discharge of T. F. Booker, car inspector, at Brownsville, Tex., is right and proper, who was charged with having in his possession on November 1st, ninety-four (94) quarts of liquor, November 20th, seven (7) quarts of liquor, and November 25th, twenty-two (22) quarts of liquor, in violation of federal prohibition laws and standard transportation rules of railroad company.

" '*Employees' Position:*

" 'T. 'F. Booker, car inspector for the St. L., B. & M. Railway Company, at Brownsville, Tex., working on the second shift from 3 p. m. to 11 p. m., was discharged on November 30th, at 2:30 p. m., and not given regular investigation until December 16, 1920, according to rule 37 of National Agreement, at the time an accusation was brought against him by railroad officials for illegally handling intoxicating liquors while on duty. Mr. Booker was also arrested and the same charge brought against him in the United States courts at that point. His case was thrown out of court by the United States attorney for the lack of evidence to convict him; however, company still holds that Mr. Booker is guilty of the charges and continues to hold him out of service.

" 'The committee, after hearing all statements and investigation, fail to see wherein Booker is guilty of these charges. Attached you will find a copy of investigation made by railroad company, which is marked as Exhibit A, court record case, Exhibit B copies of messages and letters pulling man out of service, Exhibit C. We are asking that he be reinstated to former position and paid for all time lost.

" '*Company's Position:*

" 'Special Agent Townsend caught car inspector, T. F. Booker, in toilet 'of coach 122, at Brownsville, on November 25th, with door barred, and screwing in panel, which when removed, revealed twenty-two (22) quarts of liquor concealed. If car inspector had found this panel in that condition he would have immediately notified special agent instead of screwing up the panel as it is alleged he intended to do. Railroad company has rightfully discharged him, and he should not be reinstated.

" 'Railroad company held regular investigation on December 16, 1920, and paid Mr. Booker for all time lost between the time pulled out of service and investigation held; thereby complying strictly with rule 37 of National Agreement.

" '[Signed] W. G. Choate, General Manager.

" '[Signed] D. B. Gray, Chairman Shop Crafts.' "

The witness further testified that Mr. C. B. Cox, assistant general manager of defendant, gave him the first information that the Labor Board had decided in favor of plaintiff, and asked where he could find plaintiff in order to reinstate him in the service, and requested witness to have plaintiff report to the general manager's office, where he would be furnished transportation to Brownsville. Plaintiff then offered in evidence the following certified copy of the award of the Labor Board:

"United States Railroad Labor Board.
        "Chicago, Ill., Nov. 19, 1921.
"Decision No. 399 (Docket 440).
"Railway Employees' Department, A. F. & L. Federated Shop Crafts, v. Gulf Coast Lines.

"Question.—Shall T. F. Booker, formerly employed as car inspector at Brownsville, Tex., who was dismissed from the service November 30, 1920, for alleged complicity in bootlegging, be reinstated with full seniority rights and pay for all time lost?

"Decision.—Based upon the evidence before it, the Labor Board decides that the dismissal of T. F. Booker, car inspector, was not justified, and that he shall be reinstated to his former position with seniority rights unimpaired and paid for all time lost, less any amount he may have earned at other employment since the date of his dismissal.

"By order of United States Railroad Labor Board:              R. M. Barton, Chairman.

"Attest: C. P. Carrithers, Secretary.

"I hereby certify 'this to be a true and correct copy of United States Railroad Labor Board Decision No. 399, Docket No. 440.

"L. M. Parker, Secretary U. S. R. R. Labor Board.

"Before me this 11th day of October, 1923.
        "Gertrude M. Dial, Notary Public."

This witness further testified that at the time appellant was discharged the contract or agreement between the Director General and the railroad employees was in force on the defendant railway. He identified a printed booklet containing the provisions of the contract set out in plaintiff's petition, and stated that these books were sent from the general manager's office to be placed in the hands of the employees.

The following section of the contract or agreement contained in the book so identified by the witness was then introduced in evidence by the plaintiff:

"Rule 37. An employee who has been in the service of the railroad 30 days shall not be dismissed for incompetency, neither shall an employee be discharged for any cause without first being given an investigation.

"Rule 38. If it is found that an employee has been unjustly discharged or dealt with such employee shall be reinstated with full pay for all time lost."

This agreement, the witness testified, remained in force until December 31, 1921, when a new agreement was entered into, and during this time was recognized and acted upon by the defendant.

Plaintiff testified that he was discharged under the circumstances alleged in the petition, that the charges made against him by appellant as the reason for his discharge were not true, and that by reason of his

wrongful discharge he had lost in wages the amount claimed in his petition. He fully corroborated the witness Gray as to the contract existing between the defendant and its employees at the time of his discharge, and as to the agreement with the defendant to submit the question of whether he was rightfully discharged to the Labor Board. He further testified that after the decision of the Labor Board he was notified by the defendant, through its assistant general manager, to return to the service and resume his former position, and that he did return and resume his service with defendant. In connection with his testimony he put in evidence the following letter sent him by Mr. Cox, defendant's assistant general manager, notifying him of the decision of the Labor Board and directing him to return to work with defendant and to file a statement of the amount due him for the time lost by his discharge:

"Houston, Tex., December 9, 1921.

"Mr. D. B. Gray, 1313 Harold St., Houston, Texas,

"T. F. Booker, Car Inspector, Brownsville, Texas.

"Gentlemen: In connection with the reinstatement of car inspector, T. F. Booker, covered by U. S. Railroad Labor Board Decision 399, it is decreed that car inspector will be reinstated to former position with seniority rights unimpaired and paid for all time lost less any amounts he may have earned at other employment since date of dismissal from the service.

"Confirming my personal conversation with Mr. Gray on evening of December 5th and conversation with Mr. Booker evening of 6th, Mr. Booker will have until the 21st of December to file a correct and accurate statement covering his employment from November 30, 1920, to date notified to return to work. In this statement it will be necessary to show whether employed or idle each date and employer in each case, and furnish at least one reliable reference who can verify each statement made. This is to be forwarded directly to this office with a copy to Mr. Gray as chairman of the Federated Shop Crafts.

"Acknowledge receipt.

"Yours very truly, C. B. Cox."

The defendant offered no evidence.

We think the evidence above set out was clearly sufficient to raise the issue of defendant's liability for the amount claimed by plaintiff, and the trial court should not have instructed the jury to return a verdict for the defendant. This being so, the court properly granted the plaintiff's motion for a new trial, and appellant's complaint of that order cannot be sustained.

[2] We are not required in appeals from an order granting a new trial to discuss and determine questions raised on trial of the cause and which may be material upon another trial but which are not material upon the question of whether the trial court erred in granting the new trial, and we doubt the propriety of such questions.

[3] Appellant presents several propositions complaining of the ruling of the trial court in admitting in evidence the instrument purporting to be a joint submission by plaintiff and defendant to the Labor Board of the question of whether plaintiff's discharge was justified, and the instrument purporting to be the decree for judgment of the Labor Board upon the question, and also the letter of Mr. Cox before set out. We think it unnecessary to pass upon any of these objections to the evidence because, regardless of any error in the rulings complained of, we think the other evidence introduced by the plaintiff raised the issue of defendant's liability and required the court to set aside the instructed verdict in defendant's favor. We think it clear that the evidence was sufficient to sustain a finding by the jury that the contract of employment between plaintiff and defendant existing at the time of his discharge contained the provision that if he was wrongfully discharged he would be entitled to recover from defendant the wages due him for the time lost by his wrongful suspension from the service, less any amount he might have earned during that time. The testimony of plaintiff that he was wrongfully discharged and subsequently reinstated, and as to the amount lost by him by reason of his discharge, is not contradicted.

As we construe the pleadings and understand the evidence, the motion for new trial was properly granted, and the judgment should be affirmed.

Affirmed.