## ST. LOUIS, B. & M. RY. CO. v. BOOKER.
### (No. 9098.)

Court of Civil Appeals of Texas. Galveston.
Feb. 22, 1928.

Rehearing Denied April 12, 1928.

**1. Constitutional law ☞89(1)—Liberty to contract for lawful purpose is natural right, which cannot be taken away.**

Liberty to make a contract for a lawful purpose is a natural right, which is beyond the power of government to take from citizen.

**2. Contracts ☞10(2)—Railroad's agreement not to discharge employees unjustly held not invalid for lack of mutuality because employees were not bound for definite time.**

Agreement between railroad, through Director General of Railroads, and its employees, through their labor organization, that employees will not be unjustly discharged, and in case of such unjust discharge will be reinstated and paid for time lost by such discharge, held not invalid for lack of mutuality because employees did not agree to remain in service for any definite length of time.

**3. Master and servant ☞43—Contract between railroad and employees' labor organization held to negative right to have jury determine justness of employee's discharge.**

Contract between railroad, through Director General of Railroads, and organization of employees prescribing procedure to be followed in determining justness of employee's discharge, with ultimate right of appeal to highest executive railroad official and labor union officials for final disposition, held to negative right of discharged employee to have jury pass on question of justness of discharge, and submission of such question to jury after procedure provided for in contract was followed and resulted in adjudication in favor of employee was improper.

**4. Master and servant ☞69—Labor Board's decision that discharged employee was entitled to reinstatement and compensation for time lost held binding on railroad and employee.**

Where chief executive officer of railroad, though refusing to reverse finding of general foreman that discharged car inspector was not entitled to reinstatement, agreed to submit matter to United States Labor Board, and thereafter submission was made to Board in manner sufficient to invoke its jurisdiction, held that adjudication of Board that employee was unjustly discharged and entitled to reinstatement and compensation lost during period of discharge, acted on by railroad to extent of reinstating him and calling on him for accurate statement of amount due for time lost, was binding on both parties.

**5. Master and servant ☞69—That Labor Board's finding on issue of justness of discharge was conclusive held not to make action for compensation lost one to enforce Board's award.**

Car inspector's action for breach of contract of employment for compensation for time lost between date of unjust discharge and reinstatement was not made suit to enforce award of United States Labor Board because of fact that, under submission of dispute to Board, its finding on issue of justness of his discharge was conclusive.

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Action by T. F. Booker against the St. Louis, Brownsville & Mexico Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 287 S. W. 130.

Andrews, Streetman, Logue & Mobley, W. L. Cook, and W. M. Streetman, all of Houston, for appellant.

Charles Murphy, of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellee to recover of appellant the sum of $1,712.74, with interest from November 19, 1921, alleged to be due him under a contract of employment made with him by appellant.

The petition alleges, in substance:

That on and for several years prior to September 20, 1919, plaintiff was in the employment of the defendant as a car inspector; that on the date last mentioned the United States Director General of Railways, in control of the operation of defendant railway, entered into a written agreement with the employees of defendant, acting through their labor organization, by the terms of which it was expressly provided that no employee would be dismissed from the service of the defendant for any cause without an investigation of the cause of dismissal being first given the employee, and, if it be found that the employee has been unfairly discharged or dealt with, such employee should be reinstated with full pay for all time lost; that said contract between defendant and its employees remained in full force and effect until

superseded by a subsequent contract entered into between the parties in 1923; that on or about the 30th day of November, 1920, the defendant summarily and without cause unjustly discharged plaintiff from its service; that plaintiff thereupon requested an investigation and reinstatement as provided in the contract before stated; that, after an investigation had by defendant, plaintiff was refused reinstatement, but, upon plaintiff's request, it was agreed by the general manager of defendant that the question of whether plaintiff was unjustly discharged and entitled to reinstatement should be submitted to the United States Labor Board; that defendant, "acting through its general manager, signed an agreement for a joint submission to the United States Railroad Labor Board in Chicago, Ill., and the plaintiff prepared therein his statement of the cause of said discharge, and undertook to explain the unjustness thereof, and the submission or agreement was likewise signed by the representative of plaintiff, which representative represented the plaintiff as well as plaintiff's organization, and was at that time employed especially to represent the plaintiff, to act as his representative and spokesman, so performing his duties, and said submission so jointly signed by the general manager of the railroad company upon the part of the defendant railroad company and the representative of plaintiff, was submitted to the United States Railroad Labor Board, and, after due notice of the setting, was submitted to the Labor Board for its decision, and by the introduction of proper evidence, with an opportunity for argument from both sides, and after careful and mature deliberation, the United States Railroad Labor Board on or about the 19th day of November, 1921, decided that the plaintiff was unjustly discharged and that he should be reinstated to his former position with seniority rights unimpaired, and that the railroad company, defendant, should pay the plaintiff for all the time lost, less any amount the plaintiff may have earned in other employment since the date of plaintiff's dismissal from the service of the railroad company, and on or about December 9, 1921, after the receipt of the ruling of the United States Labor Board, the defendant advised and requested the plaintiff to return to work as early as possible, and in compliance with said request the plaintiff did return to work, and the defendant likewise requested and allowed the plaintiff until a certain date to file a complete statement of the amount of the time lost and the amount of money which the plaintiff had earned in other employment, and within said time the plaintiff submitted to the defendant a full and complete statement, showing the amount of time he had lost, together with the amount of money he had earned in other employment, and the amount due plaintiff, being the difference between what he would have earned and of what he did earn, amounting to $1,712.74; that said claim showing the amount due plaintiff was presented to the railroad company the ―――― day of December, 1921, and plaintiff offered to aid and assist in any manner possible in making the statement complete and full so that the same could be easily understood by the defendant, and, though the defendant immediately complied with that part of the ruling of the United States Labor Board ordering the reinstatement of the plaintiff to his former position with seniority rights unim-

5 S.W.(2d)—54½

paired, the defendant has failed and refused and continues to fail and to refuse to pay to the plaintiff the difference between the amount of money which he would have earned and the amount which he did earn, or any part thereof, though the plaintiff has made frequent demands and requests on the defendant and its general manager for the payment thereof."

The defendant answered, pleading: (1) A general demurrer. (2) A general denial. (3) A special plea to the effect that plaintiff is not entitled to recover anything of this defendant by reason of the contract referred to by plaintiff as obligating the railway company under certain circumstances to pay an employee for loss of time while involuntarily off duty on account of an unjustified discharge, for the reason that, under the terms of said contract itself, there must be a finding by the designated railway official pursuant to an investigation to the effect that the discharge is not justifiable, and, while such investigation was held pursuant to the terms of said contract, no order by any party acting in pursuance to the terms of said contract was ever made requiring the railway company to reinstate plaintiff or pay him for any back wages for time lost. In this connection it was alleged that in the investigation pursuant to said contract it was duly and regularly ordered and adjudicated that plaintiff's discharge was justifiable; it reasonably appearing from the evidence there presented that the said Booker was in complicity with a gang of bootleggers who were utilizing railroad equipment in transporting liquor from Mexico into the United States of America in violation of law. (4) A special plea to the effect that plaintiff's discharge was for good cause involving circumstances which would have made it reprehensible if the railway officials had retained him in the services, in that, among other circumstances, plaintiff was discovered in the act of removing a panel in one of the water closets in a passenger coach, and it was found when said panel was completely removed that there was hidden behind the cooler and on the inside of said panel a number of quarts of tequilla, a highly intoxicating liquor manufactured in Mexico, and which evidently had been transported with the knowledge of the said plaintiff into this country for sale. And (5) a special plea to the effect that plaintiff was not entitled to recover anything by reason of the alleged award of the United States Labor Board.

The case was tried in the court below without a jury, and, upon the return of a verdict, judgment was rendered in favor of plaintiff for the amount claimed in the petition. This is the second appeal of the case. The opinion of this court on the former appeal is reported in 287 S. W. page 130.

The evidence upon the trial established plaintiff's employment and service for defendant as alleged in the petition, and his

summary discharge from the service on November 30, 1920.

The contract before referred to between the Director General and the railroad labor organization, including the organization on appellant railroad of which the plaintiff was a member, contains the following provisions:

"Rule 35. Grievances: Should any employee subject to this agreement believe he has been unjustly dealt with, or any of the provisions of this agreement have been violated, the case shall be taken to the foreman, general foreman, master mechanic, or shop superintendent, each · in their respective order, by the duly authorized local committee or their representatives.

"If stenographic report of investigation is taken, the committee shall be furnished a copy.

"If the result shall be unsatisfactory, the duly authorized general committee, or their representatives, shall have the right of appeal, preferably in writing, to the higher officials designated to handle such matters in their respective order, and conference will be granted within ten days of application.

"All conferences between local officials and local committees to be held during regular working hours without loss of time to committee-men.

"Rule 36. Should the highest designated railroad official or his duly authorized representative and the duly authorized representative of the employees fail to agree, the case shall then be jointly submitted in writing to the chief executive officer of the railroad and the chief executive officers of the railway employees' department of the American Federation of Labor for adjudication or final disposition. The methods of procedure will be those prescribed by the Railroad Administration. To the extent that these rules may remain in force after the expiration of federal operation, the methods of procedure will thereafter be such as may be agreed to by the representative of the railroads and the representatives of the organizations herein specified. Prior to the assertion of grievances as herein provided, and while questions of grievances are pending, there will neither be a shut down by employer nor a suspension of work by the employees.

"Rule 37. An employee who has been in the service of the railroad 30 days shall not be dismissed for incompetency, neither shall an employee be discharged for any cause without first being given an investigation.

"Rule 38. If it is found that an employee has been unjustly discharged or dealt with, such employee shall be reinstated with full pay for all time lost."

Upon his discharge, appellee, acting through Mr. Gray, the chairman of the grievance committee of his labor organization, complained to the proper authorities of the defendant company and requested an investigation under rule 37, above set out. This request was granted, and an investigation held at Brownsville by the general foreman of appellant, and resulted in a finding by the appellant's representative that appellee was not entitled to reinstatement, but was entitled to his pay for the time between his discharge and the conclusion of the investigation. Appellee,

through his representative, Mr. Gray, appealed from this decision to Mr. Choate, appellant's general manager. Mr. Choate re-. fused to set aside the finding of his general foreman and reinstate appellee, but agreed to submit the question to the United States Labor Board at Chicago. This submission was made by a written agreement and statement signed by Mr. Choate as general manager of the appellant company, and by appellee and his representative, Mr. Gray. The Labor Board, acting through one of its investigating committees or bureaus, found that appellee was unjustly discharged · and was entitled to reinstatement and pay for all time lost. Upon receipt of a copy of this judgment or finding of the Labor Board, the appellant, through its assistant general manager, Mr. Cox, notified appellee by letter of the action of the Labor Board, and directed him to report for work and to furnish appellant with a statement showing his earnings during · the time of his discharge and the amount of pay due him by appellant, after deducting such earnings. In response to this letter, appellee reported for service and was reinstated in his former position. He also furnished the statement of his earnings and the amount due him, as requested by appellant. This statement shows the amount due him to be that claimed in his petition, and the evidence shows that the statement is correct.

The amount due appellee for the time lost between his discharge and the Brownsville investigation was paid him by appellant, and is not included in the statement just mentioned.

The evidence amply sustains, if it does not compel, the finding that the agreement made by the United States Director General with appellant's employees, before shown, was continued in full force and effect after the management and control of appellant's road had been relinquished by the government and returned to appellant, and remained in full force and effect until superseded by a new agreement made by appellant with its employees in 1921. All of the proceedings and actions taken by appellant with reference to the appellee's complaint that he was unjustly discharged and was entitled to reinstatement were had under the provisions of rules 36 and 38, above set out, which were recognized by appellant as an existing part of appellee's contract of employment.

In response to the only· issue submitted by· the court's charge, the jury found that the' defendant unjustly discharged the plaintiff from its service on or about November 30, 1920.

Under appropriate assignments and proposition, counsel for appellant, in a very able brief and oral argument, earnestly insist that the judgment cannot be sustained on the theory that under appellee's contract of employment he was, if found· to have been un-

justly discharged, entitled to reinstatement and to his wages for the time lost during such discharge.

[1, 2] It is first urged that, if the contract relied on by appellee was in fact executed and became appellant's contract, it is unenforceable for want of mutuality, in that appellee was not bound by the contract to continue in appellant's employment for any definite length of time, and therefore appellant's agreement not to unjustly discharge him from its service and to pay him for time lost during such discharge was without any consideration. In support of this contention, appellant cites and relies on the cases of East Line & R. R. Ry. Co. v. Scott, 72 Tex. 70, 10 S. W. 99, 13 Am. St. Rep. 758, Texas M. Ry. Co. v. Morris, 29 Tex. Civ. App. 491, 69 S. W. 102, and St. Louis Southwestern Ry. Co. v. Griffin, 106 Tex. 477, 171 S. W. 703, L. R. A. 1917B, 1108. Each of these cases announce the general rule which has been uniformly upheld by the decisions of this state, that a contract of employment which may be terminated at the will of one of the parties may be so terminated by the other party to the contract. But in none of these cases was there an express agreement by the employer not to terminate the contract without just cause.

In the case last cited, our Supreme Court, in passing upon the question of the validity of article 594, Revised Statutes 1911, requiring corporations to give a discharged employee on demand a statement of the "true cause" of his discharge, speaking through Judge Brown says:

"The citizen has the liberty of contract as a natural right which is beyond the power of the government to take from him. The liberty to make contracts includes the corresponding right to refuse to accept a contract or to assume such liability as may be proposed. When Griffin entered the service of the railroad company for an indefinite time the law reserved to him the right to quit the service at any time without cause or notice to the employer. The railroad company had the corresponding right to discharge him at any time without cause or notice. The rights of the parties were mutual. East Line & R. R. Ry. Co. v. Scott, 72 Tex. 75, 13 Am. St. [Rep.] 758, 10 S. W. 102. In the case cited, the court said:

" 'It is very generally if not uniformly held, when the term of service is left to the discretion of either party, or the term left indefinite or determinable by either party, that either may put an end to it at will and so without cause. Harper v. Hassard, 113 Mass. 187; Coffin v. Landis, 46 Pa. St. 431; Woods' Master and Servant, §§ 133, 136 and citations.'

"If the servant could quit without notice and the master could discharge him at will without notice, the effect of the statute in question would be to preserve the servant's unqualified right to leave the service without cause or notice, but to deny to the corporation the corresponding right to discharge without cause or notice."

We do not think the rule laid down in any of the cases cited by appellant can be applied in this case. As said by Judge Brown in the opinion above quoted, the liberty to make a contract for a lawful purpose is a natural right, which is beyond the power of government to take from the citizen, An employer and his employees have the right to agree with each other that the employer will not unjustly discharge the employee and will compensate the employee for the time lost by an unjust discharge and such contract is not invalid because of the fact that the employee has not agreed to remain in the service for any definite length of time. It would, it seems to us, be improvident for railway companies and other employers requiring the services of a large number of employees to fix the time of employment for each employee. In the conduct of such enterprises, exigencies occur which require frequent changes in the number and personnel of those engaged in the service, and the best interest of the business requires that the employer shall not be bound by contracts of employment for definite terms. For this reason railway employees are generally not under contract to remain in the service for any definite length of time.

In this situation, when a railway company in effect says to its employees, "While the company is not bound to give you employment for any definite length of time, and you are not bound to remain in the service for any definite time, the company agrees that, as long as you continue in its service, you will not be unjustly discharged, and, if it be found that you have been so discharged, you will be reinstated in the service and paid for the time lost by such discharge," we see no reason for holding such agreement invalid. This promise of the employer is a part of the consideration inducing employees to enter and remain in the service, and the continued performance of the duties of their employment is a valuable consideration to the railway company.

We cannot agree with appellant that the agreement is unenforceable for lack of mutuality or want of consideration.

[3] We agree with appellant in its next contention, that, under the contract of employment alleged and proven by appellee, the question of whether appellee's discharge was unjust should not have been submitted to the jury. The provisions of the contract embodied in rules 35 and 36, before set out, clearly require that the question of the justness of an employee's discharge must be determined in the manner and by the tribunal designated in the rules. The evidence shows that the procedure provided for in these rules was followed in adjudication of the question. The right of the appellee to have any other tribunal than those designated in the agreement determine the question of justness of his discharge is, we think, clearly negatived by the terms of the rules above quoted.

Upon the former appeal of this cause, rules

35 and 36, designating the procedure in grievances of this kind, were not in evidence, and upon that state of the record this court held that under rule 38, which only provides that, "if it is found that an employee has been unjustly discharged or dealt with, such employee shall be reinstated with full pay for all lost time," the question of whether the discharge was unjust was a question for the jury. (Tex. Civ. App.) 287 S. W. 130.

In submitting the question to the jury, the trial court followed our holding on the former appeal, without giving any consideration to the controlling effect of the change in the state of the evidence.

[4] When the question reached Mr. Choate, the chief executive officer of the appellant company, if he had simply declined to reverse the finding of his general foreman, the matter would have ended there. But, acting under rule 36, which provides that, "to the extent that these rules may remain in force after the expiration of federal operation, the methods of procedure will thereafter be such as may be agreed to by the representatives of the organization herein specified," Mr. Choate did not stand upon the finding of his general foreman, but agreed with Mr. Gray, the representative of appellee's labor organization, to submit the matter to the United States Labor Board at Chicago.

This submission was made in a manner satisfactory to the parties and sufficient to invoke the jurisdiction and action of the Labor Board. After hearing and investigation by an authorized bureau of the Board, the report or finding of such bureau was duly certified by the Labor Board as its finding. This adjudication by the Labor Board was accepted as final by appellant, and acted on to the extent of reinstating the appellee and calling upon him for an accurate statement of the amount due him for his lost time. It cannot be doubted that, if the decision of the Labor Board had been against appellee he would have been bound thereby, and appellant is equally bound by that decision.

[5] This is not a suit to enforce an award of the Labor Board in the adjustment by that body of labor disputes and strikes under the authority conferred upon it by the law of its creation, and the holding of the Supreme Court of the United States in the case of Pennsylvania Ry. Co. v. U. S. Railroad Labor Board, 261 U. S. 72, 43 S. Ct. 278, 67 L. Ed. 536, has no application. Appellee's suit is one to recover for breach of a contract of employment, and the fact that under the contract of employment the finding of the Labor Board upon the issue of the justness of appellee's discharge is conclusive of that issue does not make the suit one to enforce an award of the Labor Board.

We have considered each and all of the propositions advanced in appellant's brief, and none of them, in our opinion, presents error that requires or would authorize a reversal of the judgment. It follows that the judgment should be affirmed, and it has been so ordered.

Affirmed.