## DUFF v. FORD MOTOR CO.

### No. 11875.

Court of Civil Appeals of Texas. Dallas.

Feb. 8, 1936.

Rehearing Denied March 7, 1936.

John W. Craig, T. I. Rosser, P. H. Kveton, and T. H. Marberry, all of Dallas, for appellant.

R. T. Bailey, of Dallas, for appellee.

JONES, Chief Justice.

J. H. Duff, appellant, instituted this suit in a district court of Dallas county on May 3, 1933, to recover damages from the Ford Motor Company, a corporation, appellee, for the breach of an employment contract. The trial court sustained a general demurrer and a special exception that had the force of a general demurrer to appellant's second amended original petition, and upon appellant's refusal to amend a final judgment of dismissal was entered, from which this appeal is duly prosecuted. The following are the essential facts alleged in appellant's petition:

On May 15, 1918, appellant was an employee of appellee and on such date he received a personal injury consisting of a hernia and other injuries incident thereto. At the time of appellant's injury, appellee carried compensation insurance under the Workmen's Compensation Act of this State (Vernon's Ann.Civ.St. art. 8306 et seq.), and the petition alleges facts showing that appellant was entitled to be compensated by such carrier for the injuries received.

The petition shows that appellant filed no claim for compensation against the carrier, with the State Industrial Accident Board, for the reason that an agent and employee of appellee entered into an agreement with appellant that, "if he would waive and forego his claim for said injuries, against the insurance company, the defendant (appellee) would retain him in its employment from that date until his death, or until such time as he should be physically incapacitated to work"; that he accepted such employment and at once entered upon work for appellee under such contract, and remained in such employment, under the same wages and in the same character of work, until January 4, 1932. The petition also alleges that, because of this agreement, appellant did not make any claim to the Industrial Accident Board for his injuries, because he relied upon such agreement; that under the Workmen's Compensation Law he was entitled to a large sum in damages for the injuries received, and did not claim such sum, solely because of his reliance upon this agreement, and his belief that appellee would consider his employment agreement in force so long as he was physically able to work; the petition alleged further that he was discharged without cause, and that he was physically able to continue to do

the work that he had been doing under his contract.

By proper allegations the petition shows that one Anderson was the agent and employee of appellant who entered into the alleged agreement with appellee. The petition is very full in its allegations, as to the authority of Anderson to enter into such a contract for appellee; and it further alleges that the agreement was approved and ratified by one Cunningham, appellee's superintendent of its Dallas agency; and it further alleges that Cunningham submitted the said employment contract to appellee's main office in Detroit, Mich., and that, by the proper officers of appellee at such main office, the said employment contract was approved and ratified.

The general demurrer sustained was in the usual form of such a demurrer; the special exception sustained by the trial court is: "Defendant specially excepts to said Second Amended Original Petition in its entirety because the same shows on its face, as a matter of law, that such purported agreement, if in fact the same was made, was wholly without consideration, unilateral, lacking in mutuality, and unenforceable as against either of the parties, and therefore of no force and/or effect."

It should also be stated that appellant alleged his weekly wage and alleged his life expectancy, as a basis for the measurement of damages, and alleged that he suffered damages by reason of such wrongful discharge in the total sum of $18,011.60.

Two · primary questions are raised by the briefs of the parties: (1) Is the contract supported by a valuable consideration? and if this question is decided in the affirmative, then (2) is the contract alleged too vague and indefinite as to the element of time it is to continue as to render it merely a contract at the will of either party? These questions will be discussed in their numerical order.

■ Is the contract supported by a valuable consideration? Under the facts alleged and under the Workmen's Compensation Law, appellee gave up no right that could have accrued to it when appellant waived his right to prosecute his claim for compensation against the compensation carrier; hence, without itself receiving anything of value, executed the alleged contract of employment. If this were all, then, of course, there was a failure of con-

sideration.. However, it is settled law in this state that, even though promisor receives nothing of value for his promise, if he thereby induces the promisee to surrender a valuable right, there is supplied the necessary valid consideration. 10 Tex.Jur. 135, § 78, announces the rule to be: "A sufficient consideration to support a contract or promise, including a promise made by a third person, exists in an agreement to forbear bringing suit on a well-founded claim, or to forbear the prosecution of an action to enforce such a claim, followed by actual forbearance. But to constitute a consideration the forbearance to sue must be based upon an agreement to forbear; the agreement must be made in respect of a well-founded claim; and there must also be some person liable to suit therefor." This text is supported by many authorities cited in the footnotes, and they are here cited; in addition thereto see: Merchants' Nat. Bank v. Voudouris (Tex.Civ.App.) 248 S.W. 810; James v. Fulcrod, 5 Tex. 512, 55 Am.Dec. 743. We therefore hold that the contract is supported by sufficient consideration.

■■ Is the contract so vague and indefinite in respect to the element of time as to render it unenforceable, except at the will of either party? It is well settled in this state that a contract of employment for life, if based on sufficient consideration, is not vague and indefinite as to time and is enforceable. East Line & R. R. Ry. Co. v. Scott, 72 Tex. 70, 10 S.W. 99, 13 Am.St.Rep. 758, and Id., 75 Tex. 84, 12 S. W. 995; Texas Cent. R. Co. v. Eldredge (Tex.Civ.App.) 155 S.W. 1010, 1011; Lennard v. Texarkana Lumber Co., 46 Tex.Civ. App. 402, 94 S.W. 383. It is equally well settled in this state that a contract of employment which binds the promisor to give the promisee employment as long as he desires, and the promisee enters upon his duties under said contract, without designating the length of time he desires such employment, it is merely an optional contract and can be ended by either party at will. East Line & R. R. Ry. Co. v. Scott, supra; Texas M. R. R. v. Morris, 29 Tex. Civ.App. 491, 69 S.W. 102; Hickey et al. v. Kiam (Tex.Civ.App.) 83 S.W. 716.

In each of these latter cited cases, the contract, in effect, gave the contracting employee employment for his life, or as long as he should desire such employment. The effect of the words "as long as he should desire" is to modify the term "em-

ployment for life" and to make the contract of employment not for life, but a contract at the will of the employee. This is indefinite as to time and leaves it entirely to the will of the employee; hence the holding that, unless the employee exercise the option and names a definite time, for which he is to be employed, when he enters upon his duties of employment, it remains simply a contract at the will of either party, and cannot be enforced as a contract of employment for life.

■ Under which class of contracts does the instant case lie? In other words, is the contract pleaded an optional contract, resting for a continuance upon the will of appellant, or is it a contract with a fixed time for ending, and during the time in which it is in force, the appellant cannot exercise his will to end it previous to the contract time. In the case of Texas Central R. Co. v. Eldredge, supra, in which a writ of error was denied by the Supreme Court, this court, speaking through Chief Justice Rainey, said: "The contract, as pleaded and as shown by the evidence, was definite as to time of employment, being for the natural life of appellee, and said contract is not uncertain in that respect." The contract pleaded in the instant case, we think, is just as certain as to time as is the contract in the reported case. Appellant's pleading shows that appellee would retain him in its employment "from that date until his death, or until such time as he should be physically incapacitated to work." Certainly, if it were a contract from the date of its execution until the death of the employee, under the decisions above cited, it would be a valid and enforceable lifetime contract. What is the effect of the alternative condition, or, "until such time as he should be physically incapacitated to work"? This merely states that if appellant's life should extend beyond his physical ability to work, then the contract would end. When the two clauses are construed together, it means a contract during that period of time that appellant was physically able to do the work. This is as definite as to time as a lifetime contract. The conditions therein are beyond the control of appellant and without the control of appellee, hence there is no semblance of an optional contract. We therefore overrule appellee's contention in this respect.

We have carefully examined all assignments not herein discussed, with the result that we find none of them state grounds for reversal. It necessarily follows that, in our opinion, this case should be reversed and remanded, and it is so ordered.

Reversed and remanded.